1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL MARQUEZ AMARO; JAVIER BARRERA, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEE SWEET CITRUS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  1:21-cv-00382-JLT-HBK<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND ORDER DENYING MOTION TO CONSOLIDATE<br><br>(Doc. 4; Doc. 12) |

Before the Court are (1) Bee Sweet Citrus, Inc.'s motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or 12(f), or in the alternative motion for summary judgment under Rule 56(a), (Doc. 4) as duplicative of the related case *Montes v. Bee Sweet Citrus, Inc.*, 1:20-cv-01162-JLT-EPG and (2) Bee Sweet's unopposed motion to consolidate (Doc. 12). For the reasons set forth below, the motion to dismiss is **DENIED**, and the motion to consolidate is **DENIED** as moot.

## I.    BACKGROUND

The named Plaintiffs of this action, Rafael Marquez Amaro and Javier Barrera, initiated this action on March 3, 2021, on behalf of themselves and other similarly situated employees. (Doc. 1 at 3.) Plaintiffs are farm workers who picked citrus fruit for Bee Sweet. (*Id.* at 3.) Their

1

complaint contains eight claims arise from alleged federal and state labor code violations that occurred during their employment. (*Id.* at 3-23.) Prior to filing the complaint in this action, counsel for Plaintiffs initiated a similar action against Bee Sweet, asserting nearly identical claims, except that, in this case, Plaintiffs included an additional claim under PAGA (California Labor Code § 2699, et seq.). *See generally* Complaint, *Montes v. Bee Sweet Citrus, Inc.*, 1:20-cv-01162-JLT-EPG (E.D. Cal. Aug. 18, 2020) (Doc. 1). In *Montes*, which is also assigned to the undersigned, the plaintiffs brought claims on behalf of a similarly defined proposed class as the class described in *Amaro*. *See id.* at 11, ¶ 45; (*see also* Doc. 1 at 11, ¶ 46). In both actions, liability against Bee Sweet is premised entirely under Labor Code § 2810.3, which provides joint and several liability for "client employers"[1] who hire employees through independent contractors, also known as labor contractors. (*See* Doc. 1 at 5-6, ¶ 14); *see also* Complaint at 5-6, ¶ 15, *Montes*, 1:20-cv-01162-JLT-EPG (Doc. 1). On October 14, 2020, in the *Montes* action, Bee Sweet filed a motion for judgment on the pleadings arguing plaintiff's claims should be dismissed with prejudice because plaintiffs failed to comply with the notice requirement of Labor Code § 2810.3. Motion for Judgment on the Pleadings, *Montes*, 1:20-cv-01162-JLT-EPG (Doc. 16.)

After the parties filed several additional motions seeking dismissal of the *Montes* action[2], Plaintiffs initiated the instant *Amaro* case and pled compliance with the notice requirement under § 2810.3. (Doc. 1 at 6, ¶ 15.) On April 2, 2021, Bee Sweet filed the instant motion to dismiss the *Amaro* case as duplicative of the *Montes* case (Doc. 4). Bee Sweet later filed a motion to consolidate *Amaro* with the *Montes* case (Doc. 12). Plaintiffs oppose the motion to dismiss (Doc. 5) but did not oppose the motion to consolidate (Doc. 15). All motions in *Montes* and *Amaro* have been fully briefed and were ripe for decision as of late October 2021 but remained unaddressed for some time due to the judicial resource emergency in this district. This case was reassigned to the undersigned on January 7, 2022. (Doc. 20.) The Court has reviewed the briefings submitted

---

[1] A client employer is "a business entity ... that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." Cal. Labor Code § 2810.3(a)(1)(A).

[2] Plaintiffs also filed a motion to dismiss without prejudice under Rule 41, and Bee Sweet filed two subsequent motions requesting dismissal on several bases. For the reasons contained in the Court order regarding Bee Sweet's motion for judgment on the pleadings for failure to comply with the § 2810.3 notice requirement, the Court need not address the merits of those motions in either case.

1   by the parties and finds the motion to dismiss and motion to consolidate should be **DENIED**,

2   because the *Montes* complaint has been dismissed with prejudice.

### II.   MOTION TO DISMISS

**A.   Legal Standards**

5        Although Bee Sweet's moves to dismiss under Federal Rule of Civil Procedure 12(b)(6),

6   12(f), and 56(a), its basis for dismissal depends on the first-to-file rule and whether the instant

7   case is duplicative of the previously filed *Montes* case. (Doc. 4-1.) The first-to-file rule allows a

8   district court to stay proceedings or dismiss a case "if a similar case with substantially similar

9   issues and parties was previously filed in another district court." *Kohn L. Grp., Inc. v. Auto Parts*

10  *Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678

11  F.2d 93, 94-95 (9th Cir. 1982). The first-to-file rule "serve[s] the purpose of promoting efficiency

12  well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622,

13  625 (9th Cir. 1991). Though the rule is not applied mechanically, courts typically analyze three

14  factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues. *Kohn*,

15  787 at 1240.

16       However, "the most basic aspect of the first-to-file rule is that it is discretionary."

17  *Alltrade*, 946 F.2d at 628. Even if the three factors are met, "[t]he district court retains the

18  discretion [] to disregard the first-to-file rule in the interests of equity." *Adoma v. Univ. of Phx.,*

19  *Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010). In particular, the Ninth Circuit cautioned

20  district courts against exercising discretion to dismiss a case "if the first-filed proceeding remains

21  at risk of dismissal." *Gampala v. Dep't of Homeland Sec.*, 2018 WL 4680182, at *2 (N.D. Cal.

22  Sept. 28, 2018) (citing *Alltrade*, 946 F.2d at 628-29 (reversing district court's dismissal under

23  first-to-file rule because a risk of dismissal existed in the first case due to outstanding questions of

24  jurisdiction).

**B.   Discussion**

26       Bee Sweet argues this case should be dismissed because it is "virtually identical" to the

27  previously filed *Montes* case. (Doc. 4-1 at 4, 10.) With respect to the three factors of the first-to-

28  file rule, the chronology of the suits and similarity of the issues weigh in favor of finding the

1 | *Amaro* case duplicative. The *Amaro* case was filed approximately seven months after the *Montes*

2 | case and involves nearly identical issues. Though the *Amaro* complaint includes an additional

3 | PAGA claim, the factual basis giving rise to PAGA penalties involves the same alleged

4 | employment violations as the seven claims that appear identically in both cases. *See Nakash v.*

5 | *Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (noting the parties and issues in each action only

6 | need to be "substantially similar," not identical nor need "exact parallelism"); *see also eNom, Inc.*

7 | *v. Philbrick*, 2008 WL 4933976, at *2 (W.D. Wash. Nov. 17, 2008) (granting transfer under first-

8 | to-file rule despite the addition of a claim for declaratory judgment not present in the first-filed

9 | action because the cases involved questions of liability under the same statutes).

10 |      In addition, the factor regarding similarity of the parties somewhat indicates the *Amaro*

11 | case's duplicity of *Montes*. The parties appear substantially similar given that the plaintiffs in

12 | both cases assert claims against Bee Sweet as the singular defendant. The two complaints also

13 | identify a nearly identical class. *Adoma*, 711 F.Supp.2d at 1147 (concluding "the first-to-file rule

14 | applies to similar proposed group actions before certification"); *see also Weinstein v. Metlife,*

15 | *Inc.*, 2006 WL 3201045, *4 (N.D. Cal. Nov. 6, 2006) ("In a class action, however, it is the class,

16 | not the representative, that is compared."). The proposed classes of *Amaro* and *Montes* include

17 | individuals who worked at least one shift as a harvest worker in the four years prior to the

18 | complaint. *See* Complaint at 11, ¶ 45, *Montes*, 1:20-cv-01162-JLT-EPG (Doc. 1); (*see also* Doc.

19 | 1 at 11, ¶ 46). However, a slight difference appears in the language defining these classes. The

20 | *Montes* complaint defines these individuals as "all persons who are *employed or have been*

21 | *employed by*" Bee Sweet; whereas the *Amaro* complaint defines them as "all persons who

22 | *performed labor for*" Bee Sweet. (Doc. 5 at 13 (emphasis added).) Plaintiffs argue the different

23 | definitions result in a broader class in the *Amaro* case, not captured by the class definition in

24 | *Montes*. (*Id.*) Bee Sweet argues this distinction has no material difference. (Doc. 6 at 6.) Plaintiffs

25 | argue another distinction exists between the parties because in *Montes*, Bee Sweet joined an

26 | additional party (i.e., Harvest Kings), who is not party to the *Amaro* case. (Doc. 5 at 13.)

27 |      Regardless of whether the parties are substantially similar such that the first-to-file rule

28 | should apply, the Court finds the considerations of equity do not warrant dismissing or staying

this case. When Bee Sweet filed its motion to dismiss the *Amaro* case, no less than four separate motions, seeking full or partial dismissal, remained pending in the *Montes* case. The risk of dismissal in the first action strongly weighs against dismissal in the second action because it would foreclose all opportunities for the Plaintiffs to litigate their claims. *Glob. Music Rts., LLC v. Radio Music License Comm., Inc.*, 2017 WL 3449606, at *8 (C.D. Cal. Apr. 7, 2017) (staying rather than dismissal the second action where motions to dismiss challenging personal jurisdiction, venue, and failure to state a claim were pending in the first action). In addition to foreclosing the named plaintiff's claims, dismissal of both *Amaro* and *Montes* would risk excluding certain class members from recovery because their claims may be time-barred by a later-filed suit. (*See* Doc. 5 at 15); *see also Adoma*, 711 F. Supp. 2d at 1150 (recognizing a concern that the statute of limitations will continue to run on new theories of liability presented in the second action while awaiting resolution of the first action). The risk of dismissal of the *Montes* alone renders dismissal of the *Amaro* case inappropriate under the first-to-file rule.

Moreover, the *Montes* case faces more than a mere risk of dismissal. Because the undersigned is assigned to both *Montes* and *Amaro*,[3] it evaluated the pending motions in tandem, and concurrently has ordered dismissing the *Montes* action with prejudice. Consequently, any request to stay the action, as an alternative to dismissal, pending an outcome in *Montes* is moot. Because the Court finds, in its discretion, that neither dismissal nor a stay of the *Amaro* case is warranted under the first-to-file rule, Bee Sweet's motion to dismiss is **DENIED**.

## III.     MOTION TO CONSOLIDATE

Bee Sweet also filed a motion to consolidate the *Amaro* case with the *Montes* case, which Plaintiffs did not oppose. A district court typically has "broad discretion to consolidate actions" when they share common questions of law or fact. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *In Re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). However, dismissal of the related action renders moot the motion to consolidate. *See Thompson v. APM*

---

[3] Though the Court need not evaluate this factor independently, it recognizes that the traditional justifications of the first-to-file rule—comity, efficiency, and uniformity—are less present when the two cases share the same presiding district judge. *Rodriguez v. Taco Bell Corp.*, 2013 WL 5877788, at *2 (E.D. Cal. Oct. 30, 2013).

*Terminals Pac. Ltd.*, 2011 WL 52601, at *2 (N.D. Cal. Jan. 6, 2011) (denying motion to consolidate as moot where related action remanded to state court); *see also Villagordoa Bernal v. Rodriguez*, 2016 WL 3360951, at *3-4 (C.D. Cal. June 10, 2016) (same). Because the Court dismissed the complaint in the *Montes* case, the motion to consolidate the instant case with *Montes* is **DENIED** as moot.

## IV.    ORDER

For the reasons stated above, the Court **ORDERS**:

1.    Bee Sweet's motion to dismiss or in the alternative motion for summary judgment (Doc. 4) is **DENIED**.

2.    Bee Sweet's motion to consolidate (Doc. 12) is **DENIED** as moot.

IT IS SO ORDERED.

Dated:   **August 18, 2022**

UNITED STATES DISTRICT JUDGE