**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL MARQUEZ AMARO; JAVIER BARRERA, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEE SWEET CITRUS, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 1:21-cv-00382-JLT-HBK<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AND DENYING PLAINTIFFS' COUNTER-REQUEST FOR SANCTIONS<br><br>(Doc. 8; Doc. 9) |

Before the Court is Bee Sweet Citrus, Inc.'s motion for sanctions against Plaintiffs' Counsel, under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority. (Doc. 8). As part of their response, Plaintiffs make a counter-request sanctions. (Doc. 9 at 17-19.) For the reasons set forth below, both requests are **DENIED**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The named Plaintiffs of this action, Rafael Marquez Amaro and Javier Barrera, initiated this action on March 3, 2021, on behalf of themselves and other similarly situated employees. (Doc. 1 at 3.) Plaintiffs are farm workers who picked citrus fruit for Bee Sweet. (*Id.* at 3.) Their complaint contains eight claims arising from alleged federal and state labor code violations that occurred during their employment. (*Id.* at 3-23.) Prior to filing the complaint in this action, counsel for Plaintiffs initiated a similar action against Bee Sweet, asserting nearly identical

1

1  claims, except that, in this case, Plaintiffs included an additional claim under PAGA (California
2  Labor Code § 2699, et seq.). *See generally* Complaint, *Montes v. Bee Sweet Citrus, Inc.*, 1:20-cv-
3  01162-JLT-EPG (E.D. Cal. Aug. 18, 2020) (Doc. 1). In *Montes*, which is also assigned to the
4  undersigned, the plaintiffs brought claims on behalf of a similarly defined proposed class as the
5  class described in *Amaro*. *See id.* at 11, ¶ 45; (*see also* Doc. 1 at 11, ¶ 46).

6  In both actions, liability against Bee Sweet is premised entirely under Labor Code
7  § 2810.3, which provides joint and several liability for "client employers"[1] who hire employees
8  through independent contractors, also known as labor contractors. (*See* Doc. 1 at 5-6, ¶ 14); *see
9  also* Complaint at 5-6, ¶ 15, *Montes*, 1:20-cv-01162-JLT-EPG (Doc. 1). Section 2810.3(d)
10 requires plaintiffs to notify client employers of the alleged labor violations at least thirty days
11 prior to initiating a cause of action. Cal. Lab. Code § 2810.3(d). On October 14, 2020, in the
12 *Montes* action, Bee Sweet filed a motion for judgment on the pleadings arguing plaintiffs' claims
13 should be dismissed with prejudice because plaintiffs failed to comply with the notice
14 requirement of § 2810.3. Motion for Judgment on the Pleadings, *Montes*, 1:20-cv-01162-JLT-
15 EPG (Doc. 16.)

16 After the parties filed several additional motions seeking dismissal of the *Montes* action,[2]
17 Plaintiffs initiated the instant *Amaro* case and pled compliance with the notice requirement under
18 § 2810.3. (Doc. 1 at 6, ¶ 15.) On April 2, 2021, Bee Sweet filed a motion to dismiss the *Amaro*
19 case as duplicative of the *Montes* case (Doc. 4). Bee Sweet also filed a motion for sanctions
20 against plaintiffs' counsel for initiating the *Amaro* lawsuit. (Doc. 8.) Plaintiffs opposed the
21 motion and made a cross-request for sanctions against Bee Sweet for having filed its motion
22 (Doc. 9 at 7, 17-19.)

23 Due to the judicial resource emergency in this district, all motions remained pending for
24 some time. On August 17, 2022, the Court dismissed with prejudice the named plaintiffs' claims

---

[1] A client employer is "a business entity ... that obtains or is provided workers to perform labor within its usual course of business from a labor contractor." Cal. Labor Code § 2810.3(a)(1)(A).

[2] Plaintiffs also filed a motion to dismiss without prejudice under Rule 41, and Bee Sweet filed two subsequent motions requesting dismissal on several bases. For the reasons contained in the Court order regarding Bee Sweet's motion for judgment on the pleadings for failure to comply with the § 2810.3 notice requirement, the Court need not address the merits of those motions in either case.

in *Montes* for failure to comply with the notice requirement of § 2810.3(d). Order Granting Motion for Judgment on the Pleadings, *Montes*, 1:20-cv-01162-JLT-EPG (Doc. 44.) In light of the *Montes* dismiss, the Court denied Bee Sweet's motion to dismiss the *Amaro* case as duplicative and denied the motion to consolidate as moot. (Doc. 23.) The only remaining motion concerns Bee Sweet's request for sanctions against Plaintiffs' counsel.

## II.   BEE SWEET'S MOTION FOR SANCTIONS

In its motion for sanctions, Bee Sweet argues the Court should impose sanctions against Plaintiffs' counsel in the amount of $66,991.00, which allegedly accounts for Bee Sweet's "wasted" attorneys' fees in filing its motion to dismiss this action. (Doc. 8-1 at 14-15.) Bee Sweet contends sanctions are warranted under Federal Rule of Civil Procedure 11; 28 U.S.C. § 1927; and the Court's inherent authority.

**A.   Rule 11 Sanctions**

1. Legal Standard

Parties and their counsel have an obligation to not to file frivolous pleadings or motions under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 "is intended to reduce the burden on district courts by sanctioning, and hence deterring, attorneys who submit motions or pleadings which cannot reasonably be supported in law or in fact." *Golden Eagle Distrib. Corp. v Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("the central purpose of Rule 11 is to deter baseless filings in District Court"). Specifically, Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a

3

lack of information.

Fed. R. Civ. P. 11. The Ninth Circuit explained that "[u]nder the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any provisions of subdivision (b) have been violated." *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). If Rule 11(b) was violated, the court *may* impose sanctions. *Id.* at 1390.

When, as here, the challenged pleading is a complaint, the Court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing [the complaint]." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Therefore, the Court may only find a complaint is "frivolous" and in violation of Rule 11 if it is "'*both* baseless *and* made without a reasonable and competent inquiry.'" *Id.* (quoting *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996) (emphasis in original).

2. Discussion

Bee Sweet's primary argument to support sanctions is that Plaintiffs filed the *Amaro* complaint despite knowing it was "duplicative" of the *Montes* action, wherein multiple motions that would likely result in dismissal were pending. (Doc. 8-1 at 14.) Bee Sweet argues the duplicity of the complaint and Plaintiffs' awareness of the authorities relied upon by Bee Sweet to dismiss the *Montes* action warrant sanctions for Plaintiffs filing the second suit. (*Id.*; Doc. 10 at 7-10.) Though Bee Sweet did not clearly articulate its arguments under the proper Rule 11 framework set forth above, the Court construes Bee Sweet's argument as contending the complaint was frivolous or legally baseless and filed without a competent pre-suit inquiry.

Even construing Bee Sweet's arguments within the proper standard, they still lack merit. First, the fact that motions to dismiss remained pending in an action with similar claims does not render the *Amaro* complaint frivolous. The Court had not issued rulings regarding those motions and therefore, no directly contradictory authority indicated that Plaintiffs' alleged labor code violations lacked merit. *Serrano v. GMAC Mortg.*, 2010 WL 11518570, at *2 (C.D. Cal. Mar. 25, 2010) (refusing to impose sanctions where it was uncertain whether plaintiff stated a valid claim

4

for relief because no binding and directly on point authority existed); *but see Sanai v. Sanai*, 408 Fed. App'x 1, 2-3 (9th Cir. 2010) (affirming sanctions for plaintiffs in the second action for filing duplicative lawsuit *after* the court had already dismissed plaintiffs' claims). Even if pending motions had preclusive effect on a subsequently filed complaint, the dismissals in *Montes* extend only to the named plaintiffs, not the class claims. *See In re Diamond Multimedia Sys., Inc., Secs. Litig.*, 1997 WL 773733, at *2 (N.D. Cal., Oct. 14, 1997) ("As defendants correctly note, a ruling on their motions to dismiss *prior* to class certification will bind only the named plaintiffs.") (emphasis in original). The *Amaro* action, initiated by different named plaintiffs, does not duplicate any claims subject to a prejudicial dismissal in *Montes*.

Second, Bee Sweet argues that Plaintiffs' awareness of Bee Sweet's legal authorities presented in its motion to dismiss the *Montes* action and knowledge of such deficiencies suggest bad faith in filing the *Amaro* complaint. (Doc. 10 at 7-10.) This argument also fails. Bee Sweet argues that Plaintiffs were "required to be aware" of *Parsittie v. Schneider Logistics, Inc.* 2020 WL 2120003, at *12 (C.D. Cal. Apr. 3, 2020),[3] which held that failure to comply with the notice requirement of § 2810.3(d) necessitates dismissal with prejudice. (*Id.* at 7.) Bee Sweet contends *Parsittie* demonstrates that Plaintiffs knew the *Montes* action would be dismissed with prejudice and "prohibit[s] the filing of this second duplicative lawsuit." (*Id.* at 7-10.) Contrary to Bee Sweet's assertions, the *Parsittie* decision has no relevance to the validity of the *Amaro* complaint, because it does not suffer from the § 2810.3(d) notice requirement deficiency that ultimately caused the *Montes* action to be dismissed. (Doc. 1 at 6, ¶ 15 ("Plaintiffs provided notice to BEE SWEET of the violations giving rise to liability under section 2810.3 in a letter dated October 29, 2020")); Order Granting Motion for Judgment on the Pleadings, *Montes*, 1:20-cv-01162-JLT-EPG (Doc. 44.) Thus, Plaintiffs' awareness of Bee Sweet's authority likewise does not bear on their reasonableness in filing the second lawsuit.

Even if *Parsittie*'s holding was relevant, the decision, issued by another district court, had

---

[3] Bee Sweet also argues Plaintiffs failed to respond to *Pace v. Southern Express Company*, 409 F.2d 331 (7th Cir. 1969). (Doc. 10 at 9-10.) Because this case comes from another circuit and therefore does not bind this Court's decision, the Plaintiffs and the Court need not address Bee Sweet's reliance on this case.

5

no binding effect on Plaintiffs at the time they filed the *Amaro* complaint. Only after the complaint was filed did the Ninth Circuit affirm the holding on appeal, thus giving the decision controlling effect. *See Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 108-09 (9th Cir. 2021). Rather, when Plaintiffs filed their complaint, district courts differed as to whether a lack of notice under § 2810.3(d) was fatal to the complaint. *See Johnson v. Serenity Transportation, Inc.*, 2016 WL 270952, at *8 (N.D. Cal. Jan. 22, 2016) (finding lack of compliance with § 2810.3(d) notice requirement does not require dismissal of the complaint); *see also Remington Invs., Inc. v. Kadenacy*, 930 F. Supp. 446, 451 (C.D. Cal. 1996) (declining to impose sanctions where the motion involved an issue unsettled by the Ninth Circuit because "a legal claim for which no mandatory authority exists does not present good grounds for sanctions").

Accordingly, Bee Sweet has not shown the complaint is frivolous. Indeed, the Court rejected Bee Sweet's similar arguments regarding duplicity of the two actions in its motion to dismiss (Doc. 4), in which Bee Sweet argued the *Amaro* case must be dismissed based on the first-to-file rule. The Court denied Bee Sweet's motion and allowed the *Amaro* case to proceed. (Doc. 23.) The Court's substantive findings on Bee Sweet's duplicity arguments further demonstrating the non-frivolousness of Plaintiffs' claims.

Bee Sweet also argues that Plaintiffs' conduct in filing "this second duplicative lawsuit" illustrates an improper purpose, to harass Bee Sweet and increase their litigation costs. (Doc. 10 at 13.) Plaintiffs contend they did not intend to harass or merely increase costs with the *Amaro* action but rather sought to preserve the claims of the proposed class in *Montes* and *Amaro*. (Doc. 9 at 14.) As Plaintiffs acknowledge in their response, this District has been greatly impacted by a shortage of judicial resources which would likely (and in fact did) cause significant delay for the Court to issue a ruling on the pending motions in the *Montes* action. (*See id.*) Plaintiffs' counsel recognized that awaiting the Court's ruling risked excluding some members of the class due to the tolling of statute of limitations. (*Id.*) Counsel, therefore, filed the second suit with different named plaintiffs to preserve the rights of these not yet represented class members. (*Id.*) The Court finds no evidence of an improper purpose in counsel's motivation for filing the *Amaro* complaint.

**B.      Sanctions under 28 U.S.C. § 1927 and Court's Inherent Authority**

Bee Sweet further argues that sanctions are warranted under 28 U.S.C. § 1927 and the Court's inherent authority. Under § 1927, the Court may impose sanctions against someone who "multiplies the proceedings in any case unreasonably and vexatiously" to satisfy the costs, expenses, and attorneys' fees incurred because of such conduct. 28 U.S.C. § 1927. However, the Ninth Circuit has repeatedly held that § 1927 sanctions do *not* apply to an initial pleading, such as a complaint, because § 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435-36 (9th Cir. 1996) ("The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927."); *see also Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986) *abrogated on other grounds by Cooter & Gell*, 496 U.S. at 399 ("the *multiplication* of proceedings is punished, thus placing initial pleadings beyond [§ 1927's] reach") (emphasis in original).

Bee Sweet argues the Ninth Circuit's rule prohibiting § 1927 sanctions for initial pleadings does not apply in this case. (Doc. 8-1 at 13). Bee Sweet contends that "there was an initial proceeding in the First Suit" (i.e., the *Montes* complaint), and therefore, the *Amaro* complaint, duplicative of *Montes*, constitutes a "multiplication." (*Id.*) Bee Sweet provides no legal authority to support its contention that an exception applies for duplicative complaints. (*Id.*; *see also* Doc. 10 at 11.) To the contrary, the Ninth Circuit rejected the argument that "the filing of the complaint in the second lawsuit could be viewed as an attempt to make an additional filing in the initial lawsuit." *See Best Odds Corp. v. iBus Media Ltd.*, 657 F. App'x 641, 642 (9th Cir. 2016) (holding the district court abused its discretion by awarding § 1927 sanctions for the filing of a complaint in a second lawsuit as multiplying the proceedings of the first suit because "the act of filing a complaint is not sanctionable under that section").

Even if filing the *Amaro* complaint qualified as multiplying the proceedings of the *Montes* action, Plaintiffs' counsel did not act recklessly or in bad faith. *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Plaintiffs did not act recklessly when filing the *Amaro* complaint because, as explained in detail above with respect to Rule 11, no binding authority or reasonable inquiry into

7

1 relevant authority and facts of this case would have led them to believe their complaint was
2 frivolous. *See In Re Keegan*, 78 F.3d at 436 ("For sanctions to apply, if a filing is submitted
3 recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass."). To
4 satisfy the bad faith standard, Bee Sweet must show counsel submitted the complaint with the
5 intent to harass. *Id.*; *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citations
6 omitted) ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous
7 argument . . . or argues a meritorious claim for the purpose of harassing an opponent."); *see also*
8 *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). As explained
9 above, counsel filed the complaint not to harass Bee Sweet, but rather to preserve the class
10 members' claims. Accordingly, sanctions under § 1927 are likewise inappropriate.

11 Because sanctions under the Court's inherent authority also require a showing of bad
12 faith, Bee Sweet's arguments under this theory of recovery similarly fail. *Fink*, 239 F.3d at 994
13 (holding sanctions under the court's inherent authority "are available if the court specifically finds
14 bad faith or conduct tantamount to bad faith"); *see also Primus Auto. Fin. Servs., Inc. v. Batarse*,
15 115 F.3d 644, 649 (9th Cir. 1997) ("A finding of bad faith is warranted where an attorney
16 knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose
17 of harassing an opponent.") (internal quotations omitted).

18 **C.      Deficient Request for Fees**

19 Even if the Court found sanctions were warranted, Bee Sweet has not substantiated its
20 request for attorneys' fees. Bee Sweet requests a lumpsum of $66,991 based on its allegedly "low
21 billing rate" of $240 per hour. (Doc. 8-1 at 15.) Bee Sweet, however, fails to provide even a rough
22 breakdown that attributes the hours billed for each case or by filing, much less an itemized list of
23 its billing records. Bee Sweet points to a declaration that it submitted in the *Montes* action but did
24 file any declaration to corroborate its request in *this* action. (*Id.*) Even considering that
25 declaration, it merely provides month-by-month billing records. Opposition to Plaintiffs Motion
26 to Dismiss (Exhibit C), *Montes*, 1:20-cv-01162-JLT-EPG (Doc. 25-2 at 8). This evidence cannot
27 support a request for fees. *Greenawalt v. Sun City W. Fire Dist.*, 2006 WL 1688088, at *6 (D.
28 Ariz. June 10, 2006) (finding "no way to ascertain the reasonableness of a sanction award" where

movant did not provide an itemized bill).

## III. PLAINTIFFS' COUNTER-REQUEST FOR SANCTIONS

In response to Bee Sweet's motion for sanctions, Plaintiffs made a counter request for sanctions under Rule 11 for Bee Sweet's filing of the motion for sanctions. (Doc. 9 at 17-19.) Plaintiffs argue that Bee Sweet's motion for sanctions is frivolous and made with an improper purpose. (*Id.*) "[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment. Rule 11 typically requires a separate motion and compliance with a 21-day safe harbor in which the opposing party may correct the allegedly offending conduct. Fed. R. Civ. P. 11(c)(2). However, a "party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).

In its reply, Bee Sweet argues that Plaintiffs' request for sanctions is improper because Plaintiffs did not file a separate motion and follow the procedural requirements of the 21-day Safe Harbor provision. (Doc. 10 at 6.) Bee Sweet contends that reliance on *Patelco* is inapplicable because: "Patelco is a 1991 case about the outdated former Rule 11. The current Rule 11 was adopted by amendment in 1993. The 1993 comments do not contain any such exception, and clearly retains the requirements of both a separate motion and a 21-day Safe Harbor warning notice." (*Id.*) The Court is somewhat confused by Bee Sweet's argument because the Advisory Comments of the 1993 Amendment expressly state:

> "As under former Rule 11, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. However, *service of a cross motion under Rule 11 should rarely be needed* since under the revision the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion."

Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment.

Thus, contrary to Bee Sweet's argument, the 1993 Comments expressly provide an exception to the separate motion requirement when a party seeks sanctions for the opposing party's motion for sanctions. The Court has not found, and Bee Sweet has not cited, any recent

authority to suggest the Ninth Circuit's rule in *Patelco* no longer applies. To the contrary, recent decisions show district courts still rely on the *Patelco* decision and exempt defending parties from filing a separate motion or from complying with the safe harbor requirement. *See Park Assist, LLC v. San Diego Cnty. Reg'l Airport Auth.*, 2020 WL 4260799, at *2 (S.D. Cal. July 24, 2020) (quoting *Patelco*, 262 F.3d at 913) (holding the opponent of a sanctions motion does not need to provide the twenty-one-day notice because "'[a] party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions'"); *see also Shapiro v. Hasbro, Inc.*, 2016 WL 9113999, at *3 (C.D. Cal. Oct. 26, 2016) (noting that under *Patelco*, the court may consider the defending party's request for sanctions in response to the opposing party's motion).

Beyond Bee Sweet's meritless procedural objections, Bee Sweet provides very little response to the substance of Plaintiffs' arguments. Bee Sweet simply states its "motion for sanctions is well founded in fact and law and should be granted." (Doc. 10 at 6.) Conversely, Plaintiffs argue that Bee Sweet's motion for sanctions provided little explanation for the grounds and conduct it found sanctionable. (Doc. 9 at 17.) Plaintiffs further argue Bee Sweet failed to respond to the authorities set forth in Plaintiffs' opposition to Bee Sweet's motion to dismiss, demonstrating a lack of reasonable and competent inquiry before filing its motion for sanctions. (*Id.*) In addition, Plaintiffs contend Bee Sweet had an improper purpose in filing the sanctions motion, as evidenced by counsel's multiple threats to seek sanctions and by the amount Bee Sweet sought to recover, which constitutes a double recovery for the fees sought in the *Montes* action. (*Id.* at 17-18.)

The Court is inclined to agree that Bee Sweet's litigation tactics in this case so far raise concerns, however it declines to impose sanctions against Bee Sweet for its motion for sanctions. On the one hand, Bee Sweet had some basis to believe the duplicity and overlap of the claims in *Montes* and *Amaro* fell within the realm of improper multiplying of proceedings, given the similarity between the two suits. On the other hand, the clear lack of authority to support many of Bee Sweet's arguments, and often the presence of controlling contrary authority, suggests Bee Sweet's counsel is either disregarding, misrepresenting, or failing to competently inquire before

presenting arguments.[4] The Court also agrees that the amount requested by Bee Sweet, as discussed above, severely lacks support. However, Bee Sweet cites to supporting declaration in *Montes* as part of its request here, which negates any inference that it intended to conceal a double request for fees. In its discretion, the Court does not find Bee Sweet's motion for sanctions sufficiently frivolous or improperly motivated to justify sanctions.[5]

## IV.   ORDER

For the reasons stated above, the Court **ORDERS**:

1. Bee Sweet's motion for sanctions (Doc. 8) is **DENIED**.
2. Plaintiffs' cross-request for sanctions (Doc. 9) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 29, 2022**

UNITED STATES DISTRICT JUDGE

---

[4] Bee Sweet's response to Plaintiffs' sanctions request alone evidences a pattern of setting forth legally meritless arguments. Bee Sweet's characterization of Rule 11 and the Advisory Committee Notes suggest, at best a failure to exercise reasonable diligence when conducting legal research or at worst, an intentional misrepresentation of the law. If Bee Sweet continues to put forth baseless arguments, its conduct may warrant future sanctions.

[5] Although the Court denies Plaintiffs' motion for sanctions in this case, the parties are warned against filing baseless or tenuous motions for sanctions during this litigation. Mere disagreement as to the outcome of a motion does not warrant sanctions. This District has one of the heaviest caseloads in the country and will not favorably receive unnecessary or meritless motions that further exacerbate the judicial emergency. Should the parties continue with their current pattern of litigious conduct, the Court may find it necessary to impose sanctions for continued disregard of their Rule 11 obligations.