Thomas E. Campagne, #065375
Campagne & Campagne
A Professional Corporation
Airport Office Center
1685 North Helm Avenue
Fresno, California  93727
Telephone:  (559) 255-1637
Facsimile: (559) 252-9617
Email:  cc@campagnelaw.com

Attorneys for Bee Sweet Citrus, Inc.

UNITES STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

RAFAEL MARQUEZ AMARO; JAVIER
BARRERA, on behalf of themselves and
others similarly situated,

               Plaintiff,

   vs.

BEE SWEET CITRUS, INC.; and DOES 1
through 10, inclusive,

               Defendants.

_____

BEE SWEET CITRUS, INC.,

               Cross-Complainant,

   vs.

RAFAEL MARQUEZ AMARO; JAVIER
BARRERA, on behalf of themselves and
others similarly situated,

               Cross-Defendants.

_____

Case No.   1:21-CV-00382-JLT-EPG

**COUNTERCLAIM FOR INJUNCTIVE
RELIEF AND DECLARATORY
RELIEF REGARDING
UNCONSTITUTIONALITY OF
CALIFORNIA LABOR CODE §
2180.3(b)(1)**

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Comes Now Defendant and Cross-Complainant, BEE SWEET CITRUS, INC. (hereinafter "Bee Sweet") and alleges as follows:

### **INTRODUCTION**

Plaintiffs and Cross-Defendants, RAFAEL MARQUEZ AMARO and JAVIER BARRERA (Collectively Cross-Defendants unless otherwise individually named), previously on 3/11/2021 filed a "Class Action Complaint" (the "Complaint") against Bee Sweet alleging multiple causes of action for California Labor Code violations, a cause of action based upon the "Migrant and Seasonal Agricultural Worker Protection Act," ("MSWPA") and a single cause of action for violation of the California Business and Professions Code. All of the claims against Bee Sweet, the sole Defendant in the Complaint, are based upon the allegation that Bee Sweet is jointly and severally "strictly liable" for the acts of its hired independent contractors' (licensed as farm labor contractors) sins in failing to pay the harvest workers on the farm labor contractors' own payroll their proper wages as required by law. In other words, the Complaint does not allege that Bee Sweet did anything wrong. Instead, the Complaint alleges that Bee Sweet is passively liable for its independent labor contractors' wrongs under "strict liability" (joint liability) provisions of California Labor Code § 2810.3(b).

The essence of Cross-Defendants' 3/11/2021 Complaint is that Bee Sweet is a farmer "user" of licensed farm labor contractors; and that Bee Sweet is liable, not for any wrongs committed by Bee Sweet on its own payroll, but because of its contractual relationship with its independent contractors/farm labor contractors who allegedly violated state and federal labor statutes in failing to pay its own employees' wages. The Cross-Defendants' 3/11/2021 Complaint seeks recovery from Bee Sweet only for such farm labor contractors' wage violations. They did not sue the labor contractors.

The Cross-Defendants' suit against just Bee Sweet for only the alleged wrongs of the independent contractor's/farm labor contractor's own payroll is confirmed in the allegations of Cross-Defendants' Complaint, which states as follows:

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 1

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

1
2
3
4
5
6
7

"*Defendants issue or caused to be issued, or employ Farm Labor Contractors that issue, during the relevant period issues, payroll checks or payment to Plaintiffs and all other persons similarly situated for agricultural work performed for BEE SWEET CITRIS, INC. Defendant BEE SWEET CITRUS, INC. employed and/or retained, during the relevant time period, Farm Labor Contractors for provision of agricultural labor, including but not limited to Soto Farm Labor Contractor and RT/King Harvesting. Pursuant to California Law, including but not limited to <u>California Labor Code section 2810.3</u>, Defendant BEE SWEET CITRUS, INC. is <u>strictly liable</u> for failure to pay all wages due to workers hired by BEE SWEET through Farm Labor Contractors.*" (<u>Complaint, ¶15</u>) (Emp. Added).

8

9    Cross-Defendants alleged ability to establish liability on Bee Sweet for labor

10   code violations committed by farm labor contractors who contracted to use its employees

11   to provide labor services to Bee Sweet is based solely on <u>California Labor Code</u>

12   <u>§2810.3(b)</u>. No other California Labor Code section is cited by Cross-Defendants

13   supporting the imposition of civil joint and strict liability for the payroll violations of the

14   independent contractor's civil and criminal acts in improperly paying their own workers.

15       Notably, the provisions of the MSWPA make it a crime for labor contractors

16   to violate its provisions and are intended to supplement state law, but not preempt it.

17   Correspondingly, the California Labor Code also makes it a crime for labor contractors to

18   violate wage and hour rules with respect to the claims alleged by Cross-Defendants' in

19   their Complaint. Thus, under the provisions of <u>Labor Code §2810.3(b)(1)</u>,  the criminal

20   acts of a third party farm labor contractor in violating state and federal labor laws as to its

21   own payrolled employees (without any participation of the user farming entity such as

22   Bee Sweet), subjects the contracting party (i.e., Bee Sweet) by reason of a limited

23   independent contractor relationship to be jointly and strictly liable for the labor

24   contractor's own civil damages, fines and penalties for such violations. <u>Labor Code</u>

25   <u>§2810.3(b)</u>'s imposition of <u>vicarious</u> and implied passive liability for the farmers usage of

26   independent contractors (labor contractors) who violate their own payroll is

27

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 2

1    UNCONSTITUTIONAL under both the United States Constitution as well as The
2    California Constitution on both its face and its application as to Bee Sweet.

3        Labor Code §2810.3(b) as written and practiced, is not only unconstitutional
4    under both the California and Federal constitutions, but Labor Code § 2810.3(b) is also
5    inconsistent with other California labor laws, all of which require an employment
6    relationship to exist. Nor are the provisions of MSWPA applicable to Bee Sweet under its
7    provisions and the undisputed evidentiary facts and circumstances that contradict and
8    demonstrate the falsity of Cross-Defendants factual and legal claims. The undisputed facts
9    will establish that the Complaint does not allege that the Cross-Defendants and/or the
10   purported putative class members have ever been employees on the payroll of Bee Sweet.
11   Nor does the Complaint allege that Bee Sweet's payroll violated any labor code
12   provisions.

13       By this Cross-Complaint Bee Sweet is now asking this Court to Order, as
14   requested in the below "Prayer" to this Cross-Complaint, certain relief, including, but not
15   limited to, the following relief:

16       (1) Issue an Order and Judgment declaring that the California Labor Codes
17   §2810.3(b) is unconstitutional in its entirety and/or in part because the provisions violates
18   the 5th,8th, and 14th amendments and article I, section 10 of the United States Constitution,
19   and/or violates Section 3, Article III, and/or Section 17, Article I of the California
20   Constitution;

21       (2) Issue all necessary Orders imposing temporary restraining orders,
22   preliminary injunctive relief, and permanent injunctions enjoining all the Cross-
23   Defendants, and their purported putative class members in the underlying Complaint,
24   from ever using California Labor Code § 2810.3(b) to claim that a farmer/user of an
25   independent contractor/farm labor contractor is jointly and severally and strictly liable for
26   the wrongs of the labor contractor on their own payroll.

27   ///

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 3

## THE PARTIES

1.      Defendant and Cross-Complainant Bee Sweet Citrus, Inc. is a California Corporation, with its principle place of business in Fresno County, California conducting citrus farming, packing, and marketing business headquartered in Fresno County and farming other counties.

2.      Bee Sweet is informed and believes that Plaintiffs and Cross-Defendants Rafael Marquez Amaro and Javier Barrera are residents of Fresno County, California.    Cross-Defendants have sued Bee Sweet in the underlying 3/11/2021 Complaint on behalf of themselves and a purported putative class of citrus harvesters on the payroll of non-sued labor contractors.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction in this matter under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 and § 1443 (civil rights jurisdiction); as well as concurrent jurisdiction under 42 U.S.C § 1983 (the Civil Rights Act) and the Federal Constitution provisions discussed herein. Further, this Federal Court has pendent, ancillary and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the California Constitution and other state claims set forth herein, since they are inextricably intertwined with the federal causes of action herein, and as such all the state claims arising out of a common nucleus of operative facts with the federal claims and form part of the same case and controversy. Also, this Court also has jurisdiction under California Code of Civil Procedure Sections 410.10, 525, 526, 526a, 1060, 1062, and 1085.

2.      Venue in the Eastern District of California is founded on Section 1391(b) and (c) and 1392(a) of Title 28, U.S. Code (28 U.S.C. §§ 1391(b), (c) and 1392(a)) because Plaintiff and Cross-Defendant and Defendant and Cross-Complainant all reside in this judicial district and the claims arose within this judicial district. Intra-district venue is at the Fresno Division of the U.S. District Court for the Eastern District of California as provided under Local Rule 120(d).

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 4

3.     Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202; and by California Code of Civil Procedure Sections 1060 and 1062.

4.     Injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202; and by California Code of Civil Procedure Sections 525, 526, and 526a.

## **FACTUAL BACKGROUND**

5.     Bee Sweet is a California corporation engaged in the farming, packing, and marketing of citrus products.  In the course and scope of Bee Sweet's business operations, it uses independent contractors known as licensed farm labor contractors to use their own payrolled workers to harvest citrus grown on Bee Sweet land. The farm labor contractors use their own employees on their own payrolls to perform these contracted harvesting services for Bee Sweet, and are responsible for complying with all California Labor laws, workers' compensation laws and federal laws regarding their employment own payrolls.

6.     Bee Sweet has never employed the Cross-Defendants on its payroll, never contracted with Cross-Defendants, and never had any relationship with Cross-Defendants that directly impose labor law requirements on Bee Sweet. Cross-Defendants are presumably alleged in the 3/11/2021 Complaint to be employees of an unnamed and non-sued farm labor contractor that allegedly contracted with Bee Sweet to perform independent contractor harvesting services. Pursuant to Bee Sweet's contractual relationship with a given farm labor contractor, the fees to be paid for the farm labor contractor's services are and were paid directly to the farm labor contractor and not to the farm labor contractor's employees (such as the alleged Cross-Defendants herein).

7.     Bee Sweet had no contractual obligation to assure the farm labor contractor was complying with California and Federal Labor Code Laws with respect to the wages of employees on the labor contractor's own payroll because all such laws on their face apply solely to the "employer-employee" relationship. The Labor Code sections asserted in the Complaint do not apprise any farmer using and hiring an independent farm labor contractor that the farmer is subject to liability for labor contractor's own payroll outside

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 5

1  the employment relationship.  Bee Sweet has no control over a wage code violation by a

2  farm labor contractor towards its own employees' wages.  The only contractual obligation

3  of Bee Sweet with the farm labor contractor was the payment of a billed sum from the

4  farm labor contractor and nothing more.

5       8.    Seeking to impose "strict liability" and/or "joint" liability on Bee Sweet,

6  Cross-Defendants who were never employed by Bee Sweet, had no direct or indirect

7  business relationship with Bee Sweet, allege Bee Sweet's liability arises by reason of

8  Labor Code §2810.3(b).  By this statute, California has imposed "strict liability"

9  exclusively on a farming entity, that imposes joint responsibility and liability for wages

10  for all workers on a farm labor contractor's own payroll.

11       9.    The practical application and implications of Labor Code §2810.3(b) is to

12  "vicariously" punish Bee Sweet, and other similarly situated farming entities, civilly and

13  criminally for the acts of a farm labor contractor's violation.  By the enactment of Labor

14  Code §2810(b) and/or by its use by Cross-Defendant, the Cross-Defendants have used

15  Labor Code 2810 to impair and interfere with the contractual obligations of the farm labor

16  contractor with Bee Sweet.

17       10.    Labor Code §2810.3(b) imposes strict liability for a farm labor contractor's

18  criminal acts not only by means of disregarding principles of the constitutional integrity

19  and  the impairment of contracts, but imposes "strict liability" in violation of State and

20  Federal constitutional safeguards of substantive and procedural due process rights, equal

21  protection of the laws, and other provisions, simply because Bee Sweet entered into a

22  contract with a farm labor contractor with whom Bee Sweet has no other relationship with

23  the contractor's employees whatsoever. Labor Code §2810.3(b)(1) provides in pertinent

24  part as follows:

25

26             *"(b) A client employer shall share with a labor contractor*
           *all civil legal responsibility and civil liability for all workers*

27             *supplied by that labor contractor for both of the following:*

28             *(1) The payment of wages."*

Campagne & Campagne
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 6

11.    In support of their claims against Bee Sweet, the Cross-Defendants in their 8/18/2020 Complaint further allege…"*that pursuant to California Law, including but not limited to California Labor Code section 2810.3, Defendant Bee Sweet Citrus, Inc. is strictly liable for failure to pay all wages due workers hired by Bee Sweet through Farm Labor Contractors.*"   The substance and practical effect of Cross-Defendants' Complaint is to seek to impose "strict liability" on Bee Sweet for the civil sins of the independent contractor/farm labor contractor's failure to pay the labor contractors own payrolled workers their proper wages.

12.    Here, Cross-Defendants' Complaint does <u>not</u> seek to recover from the alleged independent contractors' own failure to comply with law to pay their own employees their proper wages. Rather, Cross-Defendants' Complaint seeks substantial damages solely from Bee Sweet alone, a non-participant in the farm labor contractor's civil violations that Bee Sweet did not know of, did not participate in, nor did Bee Sweet have any relationship, employment or otherwise, with the employees of the farm labor contractor.  Bee Sweet is faced with serious monetary claims that it must defend against without the farm labor contractors' presence in the litigation. Such circumstances subject Bee Sweet to a complete denial of its Constitutional rights of due process and equal protection of the law, as well as the integrity of its contractual covenants made with the farm labor contractor.

13.    Completely lacking an employment relationship with Cross-Defendants, a precursor to virtually all labor law violations alleged, it can<u>not</u> be alleged Bee Sweet has <u>directly</u> or indirectly violated any California or Federal law with respect to the farm labor contractor's employees' wage claims.  Cross-Defendants' imposition of liability alleged in their Complaint is based on the alleged conduct of unnamed and non-sued third party, i.e. farm labor contractors.   There is <u>no</u> "compelling reason" for the imposition of such vicarious passive liability for the labor contractor's acts in contravention of the basic requirements in all Labor Code statutes of the necessity of an employment relationship to

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 7

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

1 be operative. The Cross-Defendants have no relationship whatsoever to Bee Sweet, except

2 in the capacity of an employee of a farm labor contractor who performed harvesting work

3 for Bee Sweet pursuant to a contract.

4   14. Both on its face and in its application, California Labor Code Section

5 2810.3(b)(1) violates the United States Constitution, the California Constitution, and is

6 contrary to and inconsistent with other relevant Federal and State Constitutional

7 provisions.  In addition, the provisions of Title 29 U.S.C. §1801 *et. seq.* applies solely to

8 farm labor contractors consistent with its purpose to protect farm workers and not to a

9 farming entity such as Bee Sweet who simply contracts with a given farm labor

10 contractor.

### CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**[42 U.S.C. §1983 Civil Rights Act]**
**(Deprivation of Federal Rights Under Color of State Law)**

14   15. Bee Sweet re-alleges and incorporates by reference as though fully set forth

15 herein verbatim, paragraphs 1 through 14 alleged hereinabove.

16   16. This is a cause of action is brought under Title 42 U.S.C. §1983 to obtain a

17 declaratory relief judgment and injunctive relief including a temporary restraining order,

18 preliminary and permanent injunctive relief  seeking to enjoin the Cross-Defendants, and

19 each of them, and their claims brought on behalf of others similarly situated from suing

20 upon or further implementing, executing or enforcing legal claims for employee wages of

21 an independent farm labor contractor's employees including Cross-Defendants against

22 Bee Sweet  who simply contracted with farm labor contractors to perform services for Bee

23 Sweet with its employees that were never employees of Bee Sweet.

24   17. Bee Sweet seeks to enjoin Cross-Defendants and others similarly situated

25 from imposing joint and several responsibility and strict liability on Bee Sweet for

26 violations of federal and state Labor Code sections relating the wages of employees on the

27 farm labor contractors payroll and/or pursuant solely to the unconstitutional provisions of

28

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 8

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

1   Labor Code §§2810.3(b)(1).  Specifically, Section 2810.3(b)(1) is unconstitutional on its

2   face and as applied by imposing strict liability for vicarious wage claims liability  on a

3   farm entity (such as Bee Sweet) simply because it contracted with a licensed farm labor

4   contractor to perform. Such relief is justified because Labor Code §2810.3(b)(1) as written

5   and applied by Cross-Defendants as alleged in their 3/11/2021 Complaint is

6   unconstitutional in violating the rights guaranteed by the 5th, 8th, 14th and Article I §10 of

7   the United States Constitution and other California Constitutional provisions.

8           18.    In addition, Bee Sweet seeks a Declaratory Judgment declaring the

9   provisions of Labor Code §§2810(b)(1) on its face and as applied unconstitutional to the

10  extent it imposes on Bee Sweet strict liability for the acts of a farm labor contractor.

11          19.    Bee Sweet seeks a Court declaration that Cross Defendants' vicarious

12  imposition of civil "strict liability" wage loss claims upon Bee Sweet for a labor

13  contractor's own acts is unconstitutional under the provisions of the State and Federal

14  Constitution. The unconstitutionality of Labor Code Section 2810.3(b)(1) arises, in part,

15  because the wages, civil fines, and penalties sought by Cross-Defendants imposed by

16  MSWPA, and California Labor Code laws are limited by their provisions to employment

17  relationships, while Labor Code §2810.3(b)(1) inconsistently, ambiguously, and

18  unconstitutionally ignores the employment requirement by imposing "strict liability" on

19  Bee Sweet for wage claims incurred by the farm labor contractor's own payroll. Bee

20  Sweet, who is not in an employment relationship with Cross-Defendants, is alleged to be

21  subjected to vicarious wage violations committed by the farm labor contractor who was

22  the actual employer of Cross-Defendants.

23          20.    Contrary to the language of all the Labor Code Sections at issue in the

24  Complaint giving rise to liability, Labor Code §2810.3(b)(1) now expands, i.e. rewrites,

25  those Labor Code statutes, as well as farm labor contractor's contract provisions with

26  Farming Entities, to expand the Labor Code provisions to non-employment relationships.

27  Section 2810.3(b)(1) now makes both parties to a farm labor contractors' contracts with

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 9

farming entities the employer of the farm labor contractors own payrolled employees. Such an effect and result in the imposition of "strict liability" for wage violations on non-actors, non-employers, and non-participants such as Bee Sweet simply because a particular contract is entered with particular parties, i.e. a farm labor contractor, is not only unconstitutional, but also its effect shocks the conscience, completely removes fairness in our business relationships, and denies Bee Sweet equal protection.

21.    The Court is requested to issue its <u>judgment</u> declaring that Labor Code §2810.3(b)(1) is unconstitutional and unenforceable because it violates Bee Sweet's rights guaranteed by Article 1, §10, the Eighth, Fifth and/or Fourteenth Amendments of the United States Constitution and similar provisions in the California Constitution and/or other Constitutional and legal grounds asserted herein according to proof.

22.    Cross-Defendants bring their actions in their Complaint against Bee Sweet exclusively relying upon and pursuant to the provisions of the California Labor Code §2810.3(b)(1).  The California Legislature in enacting Labor Code §2810.3(b)(1) and the provisions of  MSWPA, while not compelling private action, thereby endorse and encourage such action.  Action commenced pursuant to and relief imposed by such labor codes or provisions constitutes federal and state policy to impose civil liability for a third party's wrongful acts on Bee Sweet, an innocent victim, for statutory violations of another. Such conduct constitutes State Action.

23.    Furthermore, the state and federal statutory labor provisions at issue in the Complaint, create a private right of summary seizure of Bee Sweet's property and assets simply because Bee Sweet entered a contract with an independent contractor/farm labor contractor to perform services not with Bee Sweet employees but with the employees of the farm labor contractor. Such factual circumstances and statutory provisions constitute state action and actions taken under the color of law by Cross-Defendants in pursuing statutory vicarious civil liability against Bee Sweet.

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 10

A.  **VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS PROTECTIONS**

24.  Bee Sweet realleges and incorporates by reference Paragraphs 1-23 of this Cross-Complaint as though each were set forth herein in full.

25.  This action presents an actual case or controversy between Bee Sweet and each of the Cross-Defendants concerning the constitutionality and enforceability of the vicarious civil liability imposed by California Labor Code §2810.3(b)(1).

26.  Bee Sweet reasonably believes Cross-Defendants will continue to enforce their unconstitutional Labor Code 2810.3(b)(1) law claims against Bee Sweet, for third party conduct.

27.  The Due Process Clause of the Fifth and Fourteenth Amendment prohibits the States from depriving any person of life, liberty, or process, without due process of law. [U.S. Const., Amend. XIV]. These due process guarantees have both procedural and substantive components.  The procedural Due Process clause of the Fourteenth Amendment protects and encompasses a guarantee of fair procedure. (*Zinermon v. Burch*, 494 U.S. 113, 125 (1990).)  "*In the context of procedural due process claims, 'the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." (Id).* The provisions of Labor Code §2810.3(b)(1) violate Constitutional procedural due process in depriving a non-employer as  here, of property interests by a denial of adequate procedural protections. [See, *Brewster v. Bd. Of Educ. Of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).]

28.  As plead more fully above and herein, the allegations of Cross-Defendants Complaint based on the provisions of Labor Code §2810.3(b)(1) violate the United States Constitution and the California Constitution, on its face and/or as applied with respect to Bee Sweet and other farmers similarly situated, including (but not limited to) the following violations:

Campagne & Campagne
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 11

a.      By allowing Cross-Defendants and others similarly situated to statutorily impose vicarious strict civil liability on an innocent, unrelated party such as Bee Sweet for Labor Code violations of state and federal labor laws by a farm labor contractor without due process of law;

b.      By allowing Cross-Defendants and others similarly situated having no direct or indirect employment relationship or any business relationship with Bee Sweet to impose passive vicarious liability and recover damages and penalties from Bee Sweet inconsistent with and contrary to the alleged state and federal labor laws, all of which are conditioned on and require the existence of an employment relationship.

c.      By seeking to impose strict liability on Bee Sweet by statutory edict without due process of law that arbitrarily and capriciously creates a joint liability relationship between Bee Sweet and a given independent contractor/farm labor contractor and responsibility of Bee Sweet for employee wages and wage claims of the third party's independent contractor/farm labor contractor's own payrolled employees that is outside and inconsistent with the contractual intent in Bee Sweet's contractual use of an independent contractor/farm labor contractor to perform contractual services for which Bee Sweet is only obligated to pay the farm labor contractor who is required to pay its own employees as required by the Labor laws in issue.

d.      By impairing Bee Sweet's contractual rights with an independent contractor/farm labor contractor by statutorily imposing strict liability on Bee Sweet for the employee of labor contractor's wages without any conduct on the part of Bee Sweet contributing to such violations.

e.      By granting and allowing a farm labor contractor who possesses all of the evidence regarding his own employees' wage claims, while imposing strict liability on Bee Sweet for the labor contractor's wrongs.

f.      By imposing strict liability on Bee Sweet and similar farmer businesses for the independent contractor/farm labor contractors' own payroll labor code

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 12

1  violations, but exempting without rational basis or a "compelling state interests" other

2  business industries who utilize the same or similar contracts with independent contractors

3  to perform services on their behalf.

4  g.   By denying equal protection and due process of law to Bee Sweet by

5  giving due process rights to a farm labor contractor accused of Labor Code violations and

6  denying due process rights of the farming business, such as Bee Sweet, who is "strictly

7  liable" for the acts of the farm labor contractor without the right or ability to intervene to

8  correct or otherwise address the wrongs of the independent farm labor contractor's

9  business operations and/or addresses wage violations for its employees.

10  h.   By creating by statutory fiat a pseudo, arbitrary and capricious

11  employment relationship that subjects a contracting party who retains an independent

12  contractor/farm labor contractor to perform services to "strict liability" without due

13  process of law, a rational basis or any compelling state interest at this time or at any time,

14  and without the consent of a farmer party such as Bee Sweet.

15  i.   By arbitrarily and capriciously shifting substantial wage claims of a

16  non-employee to Bee Sweet.

17  j.   By arbitrarily and capriciously impliedly and expressly establishing

18  that an employee of an independent contractor/farm labor contractor is an employee of

19  any farming business contracting with the Farm Labor Contract.

20  k.   By the Legislature rewriting a contract entered into between a farm

21  labor contractor and a farming business entity such as Bee Sweet by enacting statutory

22  provisions that arbitrarily and capriciously without due process of law subject Bee Sweet

23  to "joint liability" (strict liability) for labor law wage violations committed by the labor

24  contractor.

25  l.   By arbitrarily and capriciously impairing contractual rights and

26  opportunities to freely contract by including strict liability on the farmer impliedly and

27  expressly in the farm labor contractor's and Bee Sweet's contractual relationship; the

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 13

1   State Legislature's fiat of a contract provision that adds strict liability and responsibility as
2   to wage claims against a farm labor contractor to Bee Sweet.

3        m.   By arbitrarily and capriciously enacting the Labor Code
4   §2810.3(b)(1) in issue which impose liability for wage loss claims (committed exclusively
5   by a third party labor contractor) on Bee Sweet (who has no responsibility in law under
6   the language of existing labor code statutes).

7        n.   By arbitrarily and capriciously imposing upon farmer Bee Sweet and
8   the farming industry the vicarious obligations and strict liability for improper wages paid
9   by farm labor contractors, but exempting other business industries from such statutorily
10   created obligations.

11        o.   By impairing contracts and re-writing contracts between a farming
12   entity and a farm labor contractor by giving statutory rights to the employees on the
13   payroll of the independent contractor/farm labor contractor to assert wage loss claims
14   directly against a farm entity (such as Bee Sweet) and not file such claims against his farm
15   labor contractor.

16        p.   By giving employees of the farm labor contractor contractual rights
17   implied into a farm labor contractor's contract with a farm business entity (as Bee Sweet)
18   who are not parties to the contract.

19        q.   By requiring Bee Sweet to defend civil claims arising from civil
20   violations committed by a third party labor contractor without any wrongful conduct on
21   the part of Bee Sweet.

22        r.   Labor Code §2810.3(b)(1) is overly vague and ambiguous lacking
23   sufficient clarity to understand and comply with its provisions, its application, and its
24   intent including the phrases "*all civil legal responsibility*" and "*civil liability for all*
25   *workers supplied by that labor contractor*," and other related ambiguities.

26        s.   As pleaded and on its face Labor Code §2810.3(b)(1) violates the
27   Fifth and Fourteenth Amendment's substantive due process guarantee, on its face and/or

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 14

1   as practiced, in part, because these sections impose or results in penalties, fines, and/or

2   extorted settlement sums from non-employer, innocent farmers disconnected from, and/or

3   grossly disproportionate to, any harm or wrongdoing committed by the farmer, to the

4   extent that it "*shocks the conscience.*"

5       29.     This Court has the power to issue <u>declaratory relief</u> under the <u>Declaratory</u>

6   <u>Judgment Act, 28 U.S.C. §§ 2201 and 2202</u> and <u>California Code of Civil Procedure</u>

7   <u>Sections 1060 and 1062</u>. A judicial declaration is necessary and appropriate regarding the

8   proper interpretation of the United States Constitutional protections and the legality of

9   California Labor Code §2810.3(b)(1) thereunder, and regarding the respective rights and

10  obligations of Bee Sweet and all the Cross-Defendants thereunder. A judicial

11  determination is necessary and proper at this time and under these circumstances in order

12  to determine whether the Cross-Defendant may continue to enforce the provisions of the

13  Labor Code §2810.3(b)(1).

14      30.     This Court has the power to issue <u>injunctive relief</u> under the <u>Declaratory</u>

15  <u>Judgment Act, 28 U.S.C. §§ 2201 and 2202</u> and <u>California Code of Civil Procedure</u>

16  <u>Sections 525, 526, and 526a</u>. Bee Sweet seeks a temporary restraining order and a

17  preliminary and a permanent injunction to compel Cross-Defendants, and others similarly

18  situated from acting to immediately set aside any and all actions taken to continue to

19  implement or enforce the provisions of California Labor Code §2810.3(b)(1) pending the

20  hearing on the merits of Bee Sweet's claims to avoid irreparable harm to Bee Sweet.

21      31.     Bee Sweet has no plain, speedy, and adequate remedy at law; and in the

22  absence of this Court's injunction, the Cross-Defendants will continue to implement and

23  enforce the provisions of Labor Code §2810.3(b)(1) in violation of Article I, Section 10,

24  of the United States Constitution, Article 3 of the California Constitution, Section 17,

25  Article 1, of the California Constitution, <u>and</u> the <u>Fifth</u> and <u>Fourteenth</u> Amendment to the

26  United States Constitution. No amount of monetary damages or other legal remedy can

27  adequately compensate Bee Sweet, for the <u>irreparable harm</u> that it, and other employers

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 15

generally, would suffer from the violations of law described herein.

**B.    VIOLATION OF THE UNITED STATES CONSTITUTION'S FOURTEENTH AMENDMENT "SUBSTANTIVE" DUE PROCESS PROTECTIONS**

32.    Bee Sweet realleges and incorporates by reference Paragraphs 1-31 of this Cross-Complaint as though each were set forth herein in full.

33.    The Due Process Clause of the Fifth and Fourteenth Amendments prohibits the states from depriving any person of life, liberty, or process, without due process of law. This due process guarantee has both procedural and substantive components.  The "substantive" Due Process guarantee protects <u>fundamental rights</u> that are so "*implicit in the concept of ordered liberty*" that "*neither liberty nor justice would exist if they were sacrificed.*" <u>Palko v. Conn</u>., 302 U.S. 319, 325 (1937) ("<u>Palko</u>"). These fundamental rights include those guaranteed by the Bill of Rights, as well as certain liberty and privacy interests implicitly protected by the Due Process Clause. <u>Washington v. Glucksberg</u>, 521 U.S. 702, 720-721 (1997) ("<u>Washington</u>"). Substantive due process also protects against government conduct that "*shocks the conscience*," even where the conduct does not implicate any specific fundamental right. See, <u>United States v. Salerno</u>, 481 U.S. 739, 746 (1987) ("<u>Salerno</u>").

33.    As plead more fully above and herein, the facial provisions and application of Labor Code §2810.3(b)(1) to impose vicarious liability labor law violations on Bee Sweet for the civil and criminal conduct of its farm labor contractor as to its employees violates the Fifth and Fourteenth Amendment's substantive due process guarantee, on its face and/or as practiced including but not limited to the violations described above in paragraph 28, subparagraphs 1-21.

///

///

///

Campage & Campage
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637
Fax (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

### C.   42 U.S.C. § 1983 REGARDING VIOLATION OF THE UNITED STATES CONSTITUTION'S EIGHTH AMENDMENT EXCESSIVE FINES AND UNUSUAL PUNISHMENT PROTECTIONS

34.     Bee Sweet realleges and incorporates by reference Paragraphs 1-33 of this Cross-Complaint as though each were set forth herein in full.

35.     The <u>Eighth</u> Amendment to the United States Constitution prohibits the federal government from extracting payments, fines, or penalties that are not proportional and/or that do not bear some relationship to the gravity of the offense a law is designed to punish. These protections apply to the government of the State of California.  "*The purpose of the Eighth Amendment . . . was to limit the government's power to punish.*" (*Austin v. United States* (1993) 113 S.Ct. 2801, 2805)

36.     The statutory provisions of Labor Code §§2810.3(b)(1) imposes strict liability fines and penalties on Bee Sweet for alleged violations of Labor Code provisions committed by non-sued farm labor contractor employers as to their employees without due process of law and denial of equal protection of the law.  The claims of the 3/11/2021 Complaint are brought by Cross-Defendants who have no employment relationship, or any relationship to Bee Sweet.  There is no relationship of Bee Sweet to the actual damages of the individual Cross-Defendants or their purported representative class of employees inasmuch as the represented class fines and penalties are separate, different, and unique from the individual Cross-Defendants and must be determine on an individual basis.

37.     Furthermore, there is no relationship of any type as to the Cross-Defendants (and others similarly situated) to Bee Sweet.  The fines and penalties as assessed are made without consideration of Bee Sweet's conduct, or a determination of each of the class represented employees' labor code violations, the amount of the applicable fine or a determination of the damages caused by the labor code violations.  Such fines and punishments constitute State Action through the enforcement of the State's policies in the enforcement of the multitude of Labor Code statutes, and serve only to punish Bee Sweet

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 17

1   who is not alleged to have itself committed any state or Federal Labor Code provisions as

2   to these Cross-Defendants who were exclusively employed by non-sued farm labor

3   contractors and not by Bee Sweet.

4         38.    In addition, as plead more fully above, Labor Code §2810.3(b)(1) violates

5   the Eighth Amendment's prohibition against <u>excessive fines</u> and <u>unusual punishment</u>

6   because the statutory strict liability framework imposes harsh damages, penalties and fines

7   on innocent farmers (such as Bee Sweet), is not proportional and/or does not bear any

8   conceivable relationship to the gravity of the offenses. Labor Code §2810.3(b)(1) is

9   unconstitutionally designed to punish a farmer for merely hiring a labor contractor,

10   because Bee Sweet committed no State or Federal Labor Code violations whatsoever.

11
12         **D.**    **42 U.S.C. §1983 REGARDING VIOLATION OF THE UNITED STATES CONSTITUTION'S FOURTEENTH AMENDMENT EQUAL PROTECTION OF THE LAWS GUARANTEE**

13
14         39.    Bee Sweet realleges and incorporates by reference Paragraphs 1-38 of this

15   Cross-Complaint as though each were set forth herein in full.

16         40.    The <u>Fourteenth</u> Amendment to the United States Constitution prohibits the

17   state government from denying any person equal protection of the laws. These protections

18   apply to the government of the State of California. Also, the California Constitution

19   guarantees all persons…"*equal protection of the laws*". <u>California Constitution, Art. 1,</u>

20   <u>Section 7</u>.

21         41.    In addition to the matters pled more fully above, Labor Code §2810.3(b)(1)

22   violates the Federal Constitution's Fourteenth Amendment and the California Constitution

23   at Art. 1, Section 7 guarantee of equal protection because the provisions of said statute

24   without any rational basis, and without any compelling state interest <u>exempts</u> all other

25   business industries <u>except</u> the farming industry from the application and impact of

26   vicarious strict liability imposed by Labor Code 2810.3(b)(1) of a farmer contracting with

27   a farm labor contractor who violates California and Federal Labor laws with respect to its

28   employees' wages and by imposing responsibility and liability on Bee Sweet for the

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 18

1  independent contractor/farm labor contractor's own civil violations of state and federal

2  labor laws in the payment of his wages.

3  **SECOND  CAUSE OF ACTION**
   **(Violation of California Constitution's Procedural Due Process Protections)**

4

5       42.   Bee Sweet realleges and incorporates by reference Paragraphs 1-41 of this

6  Cross-Complaint as though each were set forth herein in full.

7       43.   The California Constitution prohibits the State government from depriving

8  any person of life, liberty, or process, without due process of law. This due process

9  guarantee has both <u>procedural</u> and <u>substantive</u> components.

10      44.   As pleaded more fully above, Labor Code §2810(b)(1) violates the

11 procedural due process guarantee of the California Constitution, on its face and/or as

12 applied (practiced), in part, because imposes and/or results in the imposition of strict

13 vicarious civil liability for the civil violations by a farm labor contractor of labor laws

14 without procedural due process protections as hereinabove alleged (as to Bee Sweet).

15      **THIRD CAUSE OF ACTION**
   **(Violation of California Constitution's Substantive Due Process Protections)**

16

17      45.   Bee Sweet realleges and incorporates by reference Paragraphs 1-44 of this

18 Cross-Complaint as though each were set forth herein in full.

19      46.   The California Constitution prohibits the State government from depriving

20 any person of life, liberty, or process, without due process of law. This due process

21 guarantee has both procedural and substantive components.  Here, the State of California

22 has enacted as a matter of state policy a statutory provision in Labor Code §2810.3(b)(1)

23 that allows Cross-Defendants to impose "strict liability" for civil labor code violations on

24 an innocent farmer party (such as Bee Sweet) for the acts committed by an independent

25 contractor/farm labor contractor with whom Bee Sweet entered into a contract to preform

26 services for Bee Sweet solely utilizing the labor contractor's employees.

27

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 19

47.   As pled more fully above, Labor Code §2810.3(b)(1) violates the substantive due process guarantee of the California Constitution, on its face and/or as applied (practiced) for the reasons stated above and, in part, because Labor Code §2810.3(b)(1) imposes or results in damages, penalties, fines, and/or extorted settlement sums disconnected from, and/or grossly disproportionate to the complete lack of any harm or wrongdoing committed by Bee Sweet, to the extent that it "*shocks the conscience*" and denies due process.

### FOURTH CAUSE OF ACTION
### (Violation of California Constitution's Equal Protection Clause)

48.   Bee Sweet realleges and incorporates by reference Paragraphs 1-47 of this Cross-Complaint as though each were set forth herein in full.

49.   The California Constitution prohibits the State government from denying any person equal protection of the laws.

50.   As stated more fully above, Labor Code §2810.3(b)(1) violates the California Constitution's Art. 1, Section 7 guarantee of equal protection because the provisions of said statute without any rational basis, and compelling state interest exempts all other business industries except the farming industry from the impact of vicarious strict liability of a party contracting with a farm labor contractor who violates labor laws with respect to his own employees' wages.

### FIFTH CAUSE OF ACTION
### (Violation of California Constitution's Excessive Fines and Unusual Punishment Protections)

51.   Bee Sweet realleges and incorporates by reference Paragraphs 1-50 of this Cross-Complaint as though each were set forth herein in full.

52.   As pleaded more fully above, Labor Code §2810.3(b)(1) violates the California Constitutional prohibition on excessive fines and unusual punishment because the Labor Code §2810.3(b)(1) penalty framework is not proportional and/or does not bear any conceivable relationship to the gravity of the complete lack of any offenses

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 20

committed by Bee Sweet itself (that the Labor Code provisions in issue are designed to punish).

### PRAYER FOR RELIEF

1.      On the First through Fifth Causes of Action, that this Court issue a temporary restraining order and preliminary and permanent injunctions enjoining the Cross-Defendants (and the purported class) from suing upon or implementing or enforcing against Bee Sweet any of the provisions of the California Labor Code §2810.3(b)(1).

2.      On the First through Fifth Causes of Action, that this Court issue its judgment declaring that the provisions of the California Labor Code §2810.3(b)(1), in whole or in part, are unconstitutional and unenforceable because Labor Code §2810.3(b)(1) violates the California Constitution, and/or the United States Constitution.

3.      On the First through Fifth Causes of Action, that this Court enter orders prohibiting and/or reforming the provisions of California Labor Code §2810.3(b)(1) to the extent mandated by constitutional concerns of the United States Constitution and/or California Constitution and/or otherwise permitted by law.

4.      On each and every Cause of Action, that this Court grant Cross-Complainant Bee Sweet its costs, including out-of-pocket expenses and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

5.      On each and every Cause of Action, that this Court grant such other, different or further, relief as this Court may deem just and proper.

Dated: August 31, 2022          Respectfully submitted,

By _____/s/_____
                Thomas E. Campagne
                Attorneys for Defendant Bee Sweet Citrus, Inc.

F:\DATA\docs\Jones, Casey\Pleadings\First Amended Cross-Complaint Final.docx

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)

Page 21

**PROOF OF SERVICE**

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled action. My business address is 1685 N. Helm, Fresno, California 93727.

On August 31, 2022 I served the attached **COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)** on the parties in this action by placing a true copy in an envelope and delivering it as follows:

_____(**By Overnight Courier**) I caused such envelope, with postage fully prepaid, to be sent by _____.

_____(**By Certified Return Receipt Requested Mail**) I deposited the envelope, with postage fully prepaid for Certified Return Receipt Requested mail, with the United States Postal Service at Fresno, Fresno County, California.

**X**_____(**By Mail**) I placed the envelope for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____(**By Hand**) I caused each envelope to be delivered by hand.

**X**_____(**By CM/ECF/Electronic Mail**) I caused the attached document be sent by electronic mail to the below-described email address(es). My electronic services address is caitlin@campagnelaw.com.

_____(**By Fax**) I caused each document to be sent by facsimile to the below-described number(s).

**Each envelope (and/or fax) was addressed and delivered as follows:**

**Via U.S. Mail and Via Court's CM/ECF Service System**

Eric B. Kingsley
Kelsey M. Szamet
Kingsley & Kingsley, APC
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Email: eric@kingsleykingsley.com;
kelsey@kingsleykingsley.com
*Attorneys for Plaintiff*

**Via U.S. Mail and Via Court's CM/ECF Service System**

Mario Martinez
Edgar L. Aguilasocho
Martinez Aguilasocho & Lynch, APC
P.O. Box 1998
Bakersfield, CA 93303
Telephone: (661) 859-1174
Email: mmartinez@farmworkerlaw.com;
eaguilasocho@farmworkerlaw.com
*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on August 31, 2022, at Fresno, California. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

_____
/s/
Caitlin Grimm

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF REGARDING
UNCONSTITUTIONALITY OF CALIFORNIA LABOR CODE § 2180.3(b)(1)