UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARQUEZ AMARO, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEE SWEET CITRUS, INC.,<br><br>Defendant. | Case No. 1:21-cv-00382-JLT-EPG<br><br>ORDER<br><br>(ECF Nos. 25, 28). |

This matter is before the Court on the ex parte application to stay the setting of the mandatory scheduling conference by Defendant Bee Sweet Citrus, Inc. ("Defendant"). (ECF Nos. 25, 28).[1] On August 29, 2022, Defendant filed an ex parte application requesting the Court to stay the setting of the mandatory scheduling conference until after a ruling is issued in any filed motion to dismiss. (ECF No. 25). On August 30, 2022, Plaintiffs filed an opposition which requested that the court set the scheduling conference for October 5, 2022. (ECF No. 27).

Having considered the matter, the Court will grant in part Defendant's request to stay the setting of the mandatory scheduling conference to the extent that the Court will not set a scheduling conference at this time. However, the Court will set a joint status conference on

---

[1] On August 31, 2022, Defendant filed a corrected ex parte application which was substantively the same as the earlier filed application. (ECF No. 28). According to Defendant, the "errata corrected version's most important change is to correct the 8/31/2022 date to 9/1/2022, at paragraph 10 about Bee Sweet's Answer filing deadline." (ECF No. 28 at 1, n.1).

1

November 10, 2022, at 10:00 AM. The parties are directed to each file a separate status report, of up to three (3) pages, outlining the status of the case and what, if any, discovery the parties believe may begin at that time. The parties shall each file their reports one full week prior to the conference, and email a copy, in Word Format, to epgorders@caed.uscourts.gov. Further, the Court may find it appropriate at any time to set a scheduling conference before a ruling is issued regarding Defendant's pending dispositive motion.

## I. BACKGROUND

Plaintiffs initiated this class action against Defendant on March 11, 2021. (ECF No. 1). On March 11, 2021, Magistrate Judge Helena M. Barch-Kuchta set an initial scheduling conference for September 22, 2021. (ECF No. 3). On April 2, 2021, Defendant filed a motion to dismiss on the grounds that this case was duplicative of a previously filed related case, *Montes v. Bee Sweet Citrus, Inc.*, 1:20-cv-01162-JLT-EPG ("*Montes*"). (ECF No. 2). On September 8, 2021, Defendant file an ex parte application to vacate the mandatory scheduling conference until a ruling was issued on the then-pending motion to dismiss. (ECF No. 11). Defendant then filed a motion to consolidate this action with the *Montes* case. (ECF No. 12). On September 13, 2021, Judge Barch-Kuchta issued a minute order vacating the scheduling conference. (ECF No. 13). Subsequently, this case was reassigned to Magistrate Judge Erica P. Grosjean. (ECF No. 17).

On August 18, 2022, an order was entered denying Defendant's motion to dismiss and denying Defendant's motion to consolidate. (ECF No. 23). As explained in District Judge Jennifer L. Thurston's order, Defendant's motion to dismiss was denied because "[r]egardless of whether the parties are substantially similar such that the first-to-file rule should apply, the Court finds the considerations of equity do not warrant dismissing or staying this case." (*Id.* at 4-5). Further, because the Court concurrently dismissed the named plaintiffs in the *Montes* case with prejudice, Defendant's motion to consolidate was denied as moot. (*Id.* at 5-6). Relevantly, as a defendant in *Montes*, Defendant had raised several arguments in favor of dismissal. *Montes v. Bee Sweet Citrus, Inc.*, 1:20-cv-01162-JLT-EPG, 2022 WL 3448730, at *1-2 (E.D. Cal. Aug. 17, 2022). However, in granting the dismissal in *Montes*, the Court relied only on the named plaintiff's failure to comply with the notice requirement of California Labor Code § 2810.3(d). (*Id.* at *4).

On August 22, 2022, in light of the ruling on the motion to dismiss and motion to consolidate, this Court directed the parties to contact the Court to reset the scheduling conference. (ECF No. 24). After an exchange of emails, Defendant filed the instant ex parte application requesting to stay the setting of the mandatory scheduling conference. (ECF No. 28).

Defendant primarily argues that because Defendant's first motion to dismiss in this case was solely based on the "first-to-file" rule (i.e., Defendant's argument that this case was duplicative of the *Montes* case and should be dismissed on those grounds), Defendant has not yet raised substantive arguments for dismissal of this case. (*Id.*) According to the ex parte application, Defendant intended to file a second motion to dismiss which would raise several arguments supporting dismissal of the entire case, including Plaintiffs' failure to comply with the notice requirements of Cal. Labor Code § 2810.3(d), failure to join indispensable parties, and failure to state claim. (*Id.* at 5-7). On September 2, 2022, Defendant did indeed file a motion seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), or in the alternative, total or partial summary judgment pursuant to Rule 56(c). (ECF No. 33). Finally, Defendant argues that because the undersigned and other judges within the Eastern District have routinely vacated scheduling conferences due to pending dispositive motions in this case and related cases, "the same situation has arisen. . .which will moot the need for [a mandatory scheduling conference] or at least substantially change the nature of the litigation." (*Id.* at 7).

On August 30, 2022, Plaintiffs filed an opposition to Defendant's ex parte application. (ECF No. 27). Plaintiffs argue that Defendant has failed to show good cause for the Court to delay issuing a scheduling order as required by Federal Rule of Civil Procedure 16. (*Id.*) Further, while Plaintiff's counsel has requested a Rule 26(f) conference several times, Defendant "has failed to provide availability, apparently waiting for the scheduling conference to be set even though Rule 26(f) requires the conference to take place 'as soon as practicable.'" (*Id.* at 3, n.1). Discovery should proceed as "[m]emories will continue to fade, witnesses may become unreachable, or documents could be lost if Plaintiffs continue waiting for dispositive motions before starting discovery." (ECF No. 27-2 at 3).

Plaintiffs also argue that "Defendant has no procedural mechanism to bring a second motion to dismiss after already having lost the first one." (ECF No. 27 at 4). Additionally, while

Defendant intends to rely on the same notice requirement argument as in the *Montes* case, the Court has already found that argument inapplicable. (*Id.*) Plaintiffs contend that Defendant's other "arguments lack colorable merit and will not lead to a dismissal with prejudice even if they are successful." (*Id.* at 5). Because a pending dispositive motion does not generally warrant a stay in discovery unless such a motion will clearly prevail, Defendant's request to stay the scheduling conference should be denied. (*Id.*). Finally, Plaintiffs request the Court to set the scheduling conference for October 5, 2022. (*Id.* at 7).

## II.   LEGAL STANDARDS

With limited exception, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The district court "must issue a scheduling order after receiving the parties' report under Rule 26(f) . . . or after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference." Further, "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

While "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery in the face of potentially dispositive motions . . . district courts may nonetheless exercise wide discretion in controlling discovery." *Marsh v. AFSCME Loc. 3299*, No. 2:19-CV-02382-JAM-DB, 2020 WL 1475442, at *2 (E.D. Cal. Mar. 26, 2020) (internal quotation marks and internal citations omitted). "While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, No. 2:19-CV-01788-MCE-KJN, 2020 WL 2216944, at *2 (E.D. Cal. May 7, 2020) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). In evaluating a request to stay discovery, "federal district courts in California . . . have applied a two-part test when evaluating such a request for a stay." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011). "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can

be decided absent additional discovery." *Id.* If both prongs are not met, discovery should proceed. *Id.*

Regarding the first prong—whether the pending motion is potentially dispositive of the entire case—this Court is not required to decide who will prevail in the pending motion to dismiss, that determination lies with the District Judge. Rather, this Court only conducts "a preliminary review of the pending dispositive motion." *Stavrianoudakis v. U.S. Dep't of Fish & Wildlife*, No. 1:18-CV-01505-LJO-BAM, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019).

## III. DISCUSSION

Upon review, the Court notes that Defendant's pending motion is "sufficiently meritorious for a finding that the motion[] [is] potentially dispositive of the case." *Stavrianoudakis* at *3. The motion does seek to dismiss the entire case with prejudice based on Plaintiffs' failure to state a claim. (ECF No. 33-1).

Regarding the second prong— whether the pending, potentially dispositive motion can be decided absent additional discovery—Plaintiffs have not identified in their opposition any specific discovery necessary to resolve the motion. *See Stavrianoudakis*, 2019 WL 9667685, at *3. Further, because motions for judgment on the pleadings rely on the same legal standard as a motion to dismiss under Rule 12(b)(6), it is unlikely that discovery will be needed for a decision on a matter of law.

That said, this is Defendant's second attempt at dismissing the same complaint. The Court held off scheduling the case during the pendency of the first motion to dismiss. However, Defendant made a choice to bring challenges to Plaintiff's complaint in a piecemeal fashion. Defendant is not entitled to a stay in order to litigate its challenges indefinitely.

The Court has also balanced the interests of Plaintiffs in proceeding with the case against the interests in Defendant of not being unduly burdened by unnecessary discovery. This case has been pending since March 11, 2021, and Plaintiff is entitled to proceed on discovery following the motion to dismiss. That said, the case is in a relatively early stage and may benefit by a narrowing of issues for discovery and the remainder of the case. The Court is also not in a position to set a full schedule until Defendant's pending motion has been resolved.

For those reasons, the Court will not set a scheduling conference at this time or set a

schedule for the remainder of the case. However, the parties should consider what discovery may proceed while the motion is pending and be prepared to discuss that issue with the Court at the status conference set below.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS ORDERED as follows:

1. Defendant's ex parte application for a stay in setting the mandatory scheduling conference (ECF No. 28) is granted in part to the extent that the Court will not set a scheduling conference at this time;
2. The Court will set a joint status conference on November 10, 2022, at 10:00 AM;
3. The parties are directed to each file a separate status report, of up to three (3) pages, outlining the status of the case and what, if any, discovery the parties believe may begin at that time. The parties shall each file their reports one full week prior to the conference, and email a copy, in Word Format, to epgorders@caed.uscourts.gov;
4. Further, the Court may find it appropriate at any time to set a scheduling conference before a ruling is issued regarding Defendant's pending dispositive motion.

IT IS SO ORDERED.

Dated:  **September 8, 2022**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE