1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10

RAFAEL MARQUEZ AMARO, *et al.*, *on behalf of themselves and others similarly situated*,

Case No.  1:21-cv-00382-JLT-EPG

11

12

Plaintiff,

ORDER FOR DEFENDANT BEE SWEET CITRUS, INC. TO SHOW CAUSE WHY ITS THIRD-PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANTS EDUARDO SOTO, FLC-RB AND A.G.R. SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLETE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)

13

v.

14

BEE SWEET CITRUS, INC., *et al.*,

15

Defendants.

16

17

Defendant Bee Sweet Citrus, Inc. ("Defendant Bee Sweet") filed a third-party complaint

18

against third-party defendants. (ECF No. 30). The Clerk of Court issued summons to third-party

19

Defendants A.G.R. Contracting, Inc., FLC-RB, and Eduardo Soto on March 31, 2023. (ECF No.

20

53). For the reasons given below, the Court orders Defendant Bee Sweet to show cause why its

21

third-party complaint should not be dismissed without prejudice for failure to complete service

22

pursuant to Federal Rule of Civil Procedure 4(m).

23

Plaintiffs Rafeal Marquez Amaro and Javier Barrera initiated this putative class action on

24

March 3, 2021, against Defendant Bee Sweet and Does 1-10. (ECF No. 1). Defendant Bee

25

Sweet's first motion to dismiss was denied on August 18, 2022. (ECF No. 23). On August 31,

26

2022, Defendant filed an answer to Plaintiffs' complaint (ECF No. 29) and a counterclaim against

27

Plaintiffs (ECF No. 31).[1] That same day, Defendant also filed a "crossclaim" against Eduardo

28

[1] Defendant Bee Sweet's motion for judgment on the pleadings or for summary judgment (ECF No. 31) and

1

1  Soto, *also known as* Eduardo Soto, FLC and/or Soto Farm Labor Contractor, FLC-RB, A.G.R.

2  Contracting, Inc, Roes 1-20, inclusive, and Moes, 1-40, inclusive. (ECF No. 30).

3      In a joint status report filed on March 29, 2023, Defendant Bee Sweet informed the Court

4  that it had "filed a Cross-Claim and Impleader for Indemnity, Contribution, and Declaratory

5  Relief against the three labor contractors who were not sued by Plaintiffs in their complaint, but

6  mentioned as possible labor contractors who had possibly supplied their crews for harvesting."

7  (ECF No. 52, p. 5). The status report stated that, at the time of filing, the Clerk of Court has not

8  "yet issued the Summons and new case documents for Bee Sweet to serve on these Cross-

9  Defendants." (*Id.*) On March 31, 2023, the Clerk of Court issued summons to the third-party

10  defendants named in Defendant Bee Sweet's third-party complaint. (ECF No. 53).

11      The Federal Rules of Civil Procedure provide that "[a] defending party may, as a third-

12  party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all

13  or part of the claim against it" within fourteen days after serving its original answer. Fed. R. Civ.

14  P. 14(a)(1). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90

15  days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

16  must dismiss the action without prejudice against that defendant or order that service be made

17  within a specified time." Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for

the failure, the court must extend the time for service for an appropriate period." *Id.*

18      Here, more than ninety days have passed since the Clerk of Court issued summons as to

19  the third-party defendants named in Defendant Bee Sweet's third-party complaint. However, a

20  review of the record does not indicate that third-party Defendants A.G.R. Contracting, Inc., FLC-

21  RB, and Eduardo Soto have been served. Accordingly, the ninety-day time period for service

22  under Rule 4(m) appears to have expired without service being achieved.

23      Accordingly, IT IS ORDERED as follows:

24  1. Defendant Bee Sweet shall show cause why its third-party complaint against third-party

25     Defendants A.G.R. Contracting, Inc., FLC-RB, and Eduardo Soto should not be dismissed

26     without prejudice for failure to complete service pursuant to Federal Rule of Civil

27

28  Plaintiffs' motion to dismiss Defendant Bee Sweet's cross-complaint (ECF No. 37) are currently pending before District Judge Jennifer L. Thurston.

1     Procedure 4(m);

2     2. Defendant Bee Sweet shall file, no later than August 16, 2022, proof of service as to these

3         third-party Defendants or a response to this order to show cause demonstrating that

4         Defendant Bee Sweet has good cause for failing to complete service on these third-party

5         defendants and explaining when Defendant Bee Sweet, as a third-party plaintiff, will

6         complete service; and

7     3. Defendant is cautioned that failure to respond to this order to show cause may result in the

8         dismissal of these third-party Defendants from the action.

9 IT IS SO ORDERED.

10

11     Dated:   **July 12, 2023**         /s/ _Erica P. Grosjean_

                                        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28