**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAFAEL MARQUEZ AMARO, JAVIER BARRERA, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEE SWEET CITRUS, INC., and DOES 1 through 10,<br><br>Defendants,<br>_____<br><br>BEE SWEET CITRUS, INC.,<br><br>Counter-Complainant,<br><br>v.<br><br>RAFAEL MARQUEZ AMARO, JAVIER BARRERA, on behalf of themselves and others similarly situated,<br><br>Counter-Defendants. | Case No. 1:20-cv-00382-JLT-EPG<br><br>ORDER GRANTING MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE<br><br>(Doc. 37) |

**I.   INTRODUCTION**

Before the Court is Counter-Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), or in the alternative, motion to strike under Rule 12(f). (Doc. 37.) For the reasons set forth below, the Court grants the motion.

1

## II. BACKGROUND

Rafael Marquez Amaro and Javier Barrera initiated this action on March 3, 2012, on behalf of themselves and other similarly situated employees. (Doc. 1 at 3.) Plaintiffs are farm workers who picked citrus fruit for Bee Sweet. (Doc. 1 at 3.) The complaint contains eight claims arising from alleged federal and state labor code violations that occurred during their employment. (Doc. 1 at 3–23.) Bee Sweet filed a counterclaim alleging violations of due process, substantive due process, excessive fines and punishment, and equal protection under both the federal and California Constitutions. (Doc. 31, ¶¶ 15–52.)

## III. LEGAL STANDARD[1]

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro*, 250 F.3d at 732.

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

---

[1] Counter-Defendants move to strike the counterclaim as duplicative of Bee Sweet's twenty-second affirmative defense. Because the Court resolves Counter-Defendants' motion under Rule 12(b)(6), the legal standard focuses solely on the motion to dismiss.

by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

## IV. DISCUSSION

### A. Counter-Defendants Acting "Under Color of State Law"

Bee Sweet alleges five counterclaims against Plaintiffs under both the federal Constitution, through 42 U.S.C. § 1983, and the California Constitution. (*See generally* Doc. 31.) Plaintiffs/Counter-Defendants argue that these constitutional challenges must be dismissed because Counter-Defendants are private citizens, not state actors. (Doc. 37 at 12.) To state a claim under § 1983, the plaintiff must allege that the defendant (1) deprived them of a right secured by the Constitution, and (2) acted under color of state law. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988). The California Constitutional challenges alleged here require the same. *See Pineda v. Sun Valley Packing, L.P.*, No. 1:20-CV-00169-DAD-EPG, 2022 WL 1308141, *3 (E.D. Cal. May 2, 2022); *Cal. Bus. & Indus. All. v. Becerra*, 80 Cal. App. 5th 734, 745 (2022). The primary dispute here is whether, by bringing a claim under California Labor Code § 2810.3, Counter-Defendants have acted under color of state law. (Doc. 37 at 12–14.)

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941). To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Otherwise, "private parties could face constitutional litigation whenever they seek to rely on some [statute] governing their interactions with the community surrounding them." *Id.* at 937; *see also Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 838 (9th Cir. 2017); *see also Pineda*, 2022

3

WL 1308141, * 4 (explaining that even the filing of an action under the Private Attorney General Act did not convert the counter-defendant into a state actor). "The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quotations and citation omitted). "[C]onstitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013) (emphasis in original).

In its first counterclaim, Bee Sweet alleges that Counter-Defendants unconstitutionally sued under § 2810.3. (Doc. 31 at 3.) Section 2810.3 provides that "[a] client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for . . . [t]he payment of wages." Cal. Lab. Code § 2810.3(b)(1). Bee Sweet argues that it had no responsibility to pay Counter-Defendants' wages because no employment relationship existed between Bee Sweet and Counter-Defendants, and thus, the labor contractors alone should be sued for the failure to pay wages. (Doc. 31 at 3–4.) Therefore, Bee Sweet alleges that § 2810.3 unconstitutionally imposes "vicarious and implied passive liability for the farmers usage of independent contractors (labor contractors) who violate their own payroll." (Doc. 31 at 3–4.) Bee Sweet argues that the California Legislature, through the enactment of § 2810.3, encourages private actors to pursue civil actions to impose civil liability, which constitutes state action. (Doc. 31, ¶ 22.) Bee Sweet further argues that Counter-Defendants are not acting "under color of state law" because they filed a class action complaint under California Labor Code § 2810.3, but rather "because the power of C[ounter]-Defendants to file their class action complaint is 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (Doc. 41 at 17 (quoting *Monroe v. Pape*, 365 U.S. 167, 184 (1961), *overruled in part by Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978)).) Bee Sweet contends that § 2810.3 is "the exclusive source, right, authority, and state privilege supporting C[ounter]-Defendants right and privilege to bring their action against Bee Sweet." (Doc. 41 at 18.)

Counter-Defendants argue that "[w]ithout question, the present case involves rights and

4

privileges created by statute, but to satisfy prong two, Bee Sweet must allege some involvement by the State beyond enacting the statute." (Doc. 46 at 7.) The Court agrees. Though Bee Sweet sufficiently alleges that the deprivation is caused by a right or privilege created by the State, Bee Sweet fails to sufficiently allege how Counter-Defendants, by merely suing under the statute, are "state actors." *See Lugar*, 457 U.S. at 936 (establishing the two part test for state action); *see also Blum v. Yaretsky*, 457 U.S. 991, 1004–05 (1982) ("[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." (citations omitted)). Bee Sweet relies on *Lugar*—where the Supreme Court found joint action between private parties and state officials when the state officials executed a levy against property at the request of the private party—to argue that Counter-Defendants are jointly engaged with the state by "asking this Court to enter judgment against and levy upon the property of Bee Sweet pursuant to [§ 2810.3]." *See Lugar*, 457 U.S. at 936. (Doc. 41 at 12–14.) But Bee Sweet's reliance on *Lugar* is misplaced. The state itself was not involved in the § 2810.3 claim to any extent other than statutory enactment. Unlike in *Lugar*, the state did not intervene or act at Counter-Defendants' request to deprive Bee Sweet of any property; any civil liability determination at trial does not equate to the unconstitutional deprivation of Bee Sweet's property. *See Lugar*, 457 U.S. at 941. Because the "[p]rivate use of state sanctioned private remedies or procedures does not rise to the level of state action," Counter-Defendants' lawsuit under California Labor Code § 2810.3 cannot equate to Counter-Defendants "acting under the color of state law" under the federal Constitution or the California Constitution. *See Tulsa Prof'l Collection Servs., Inc., v. Pope*, 485 U.S. 478, 485 (1988); *see also West*, 487 U.S. at 48; *Pineda*, 2022 WL 1308141, *4. Thus, Counter-Defendants' motion to dismiss Bee Sweet's Constitutional causes of action under § 1983 is **GRANTED**.

Bee Sweet requests that if the Court is inclined to grant Counter-Defendants' motion, Bee Sweet have leave to amend to add the California Attorney General as an additional counter-defendant. (Doc. 41 at 20.) However, amendment would be futile because the Supreme Court "has never held that a State's mere acquiescence in a private action converts that action into

5

that of the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164–65 (1978); *see also Nabors Well Servs. Co. v. Bradshaw*, No. CV 05-8334-GAF-CTX, 2006 WL 8432088, * 2 (C.D. Cal. Feb. 15, 2006) (holding that the inclusion of California Secretary of Labor and Workforce Development as a second defendant did not equate to "state action" for purposes of § 1983). Including the Attorney General in the present action would not rectify the lack of state action from the inception of this cause of action; the State did not exercise its power or provide any encouragement by merely codifying § 2810.3. Therefore, Counter-Defendants' motion is **GRANTED** without leave to amend.[2]

## CONCLUSION

For the reasons set forth above:

1. Counter-Defendants' motion to dismiss is **GRANTED** without leave to amend.

IT IS SO ORDERED.

Dated:   **September 30, 2024**

UNITED STATES DISTRICT JUDGE

---

[2] Because the Court grants Counter-Defendants' motion to dismiss, the Court need not address Counter-Defendants' alternative motion to strike or the merits of the constitutionality arguments.