1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11    RAFAEL MARQUEZ AMARO, JAVIER          Case No. 1:21-cv-00382-JLT-EPG
      BARRERA, on behalf of themselves and
12    others similarly situated,            ORDER DENYING MOTION FOR
                                            JUDGMENT ON THE PLEADINGS OR IN
13                    Plaintiffs,           THE ALTERNATIVE TOTAL OR PARTIAL
                                            SUMMARY JUDGMENT
14           v.
                                            (Docs. 33, 40)
15    BEE SWEET CITRUS, INC., and DOES 1
      through 10,
16
                      Defendants,
17    _____

18    BEE SWEET CITRUS, INC.,

19                    Counter-Complainant,

20           v.

21    RAFAEL MARQUEZ AMARO, JAVIER
      BARRERA, on behalf of themselves and
22    others similarly situated,

23                    Counter-Defendants.
      _____
24

25                        **I.    INTRODUCTION**

26          Before the Court are Bee Sweet Citrus, Inc.'s motions for judgment on the pleadings

27    under Federal Rule of Civil Procedure Rule 12(c), or in the alternative, motion for summary

28    judgment under Rule 56(a).  (Docs. 33, 40.)  For the reasons set forth below, the Court strikes Bee

1    Sweet's first motion, (Doc. 33), and denies Bee Sweet's second motion, (Doc. 40).

2                                    **II.    BACKGROUND**

3         Rafael Marquez Amaro and Javier Barrera picked citrus fruit for Bee Sweet. (Doc. 1 at 3.)

4    On behalf of themselves and similarly situated employees, they allege eight claims arising from

5    federal and state labor codes violations, which they claim occurred during their employment.

6    (Doc. 1 at 3–23.)  Before filing this action, other plaintiffs—with the same counsel--filed a

7    similar action against Bee Sweet, asserting nearly identical claims, except that, in this case,

8    Plaintiffs included an additional claim under PAGA (California Labor Code § 2699, et seq.).  (*See*

9    *generally* Complaint, *Montes v. Bee Sweet Citrus, Inc.*, 1:20-cv-01162-JLT-EPG (E.D. Cal. Aug.

10   18, 2020) (Doc. 1).)  *Montes* also brought claims on behalf of a similarly defined proposed class

11   as here.  *See id.* at 11, ¶ 45.  (*See also* Doc. 1 at 11, ¶ 46.)

12        In the *Montes* action, Bee Sweet filed a motion for judgment on the pleadings, arguing the

13   *Montes* plaintiffs' claims should be dismissed with prejudice because plaintiffs failed to comply

14   with the notice requirement of California Labor Code § 2810.3.  (Motion for Judgment on the

15   Pleadings, *Montes*, 1:20-cv-01162-JLT-EPG (Doc. 16).)  After the parties filed several additional

16   motions seeking dismissal of *Montes*, Plaintiffs initiated the instant *Amaro* case and pled

17   compliance with the notice requirement under § 2810.3.  (Doc. 1 at 6, ¶ 15.) Next, Bee Sweet

18   filed a motion to dismiss this action (*Amaro*) as duplicative of *Montes*.  (Doc. 4.) The Court

19   agreed and dismissed with prejudice the named plaintiffs' claims in *Montes* for failure to comply

20   with the notice requirement of § 2810.3(d), though it dismissed the class claims without prejudice

21   because the it had not yet been certified.  (Order Granting Motion for Judgment on the Pleadings,

22   *Montes*, 1:20-cv-01162-JLT-EPG, Doc. 44.)  In light of the *Montes* dismissal, the Court denied

23   Bee Sweet's motion to dismiss the *Amaro* case as duplicative and denied the motion to

24   consolidate as moot.  (Doc. 23.)

25        Following the denial of Bee Sweet's motion to dismiss, Bee Sweet filed their answer to

26   Plaintiffs' complaint, (Doc. 29), a cross-complaint against Cross-Defendants Eduardo Soto and

27   A.G.R. Contracting, Inc.,[1] (Doc. 30), and counterclaims against Plaintiffs, (Doc. 31).  On

28
_____
[1]  Bee Sweet also filed a cross-complaint against FLC-RB Labor Contractors, (Doc. 30), but has since voluntarily

1     September 2, 2022, Bee Sweet filed a twenty-three-page motion for judgment on the pleadings, or

2     in the alternative, motion for summary judgment.  (Doc. 33.)  On September 21, 2022, Plaintiffs

3     filed a motion to dismiss Bee Sweet's counterclaims.  (Doc. 37.)  On September 27, 2022, Bee

4     Sweet filed a twenty-five-page second motion for judgment on the pleadings, or in the alternative,

5     motion for summary judgment.  (Doc. 40.)  Bee Sweet failed to cite any authority that would

6     require the Court to entertain a second motion for judgment on the pleadings.  To the extent the

7     Court retains discretion to do so, it declines to exercise that discretion under the circumstances,

8     given that the second motion was filed while the first was pending and without Court approval for

9     cumulatively exceeding the page limit expressly enumerated in its standing orders.  Accordingly,

10    the Court will treat the second motion as an amended motion for judgment on the pleadings, and

11    it strikes the first motion (Doc. 33).

12                              **III.    JUDICIAL NOTICE**

13            Plaintiffs request this Court take judicial notice of the Labor Commissioner's Proposed

14    Action on the Enforcement of Client Employer Liability under California Labor Code § 2810.3.

15    (Doc. 44 at 3.)  "[C]ourts do not take judicial notice of documents, they take judicial notice of

16    facts.  The existence of a document could be such a fact, but only if the other requirements of

17    Rule 201 are met."  *Cruz v. Specialized Loan Servicing, LLC*, No. SACV 22-01610-CJC-JDEX,

18    2022 WL 18228277, at *2 (C.D. Cal. Oct. 14, 2022) (internal citation and quotations omitted).

19    "[A] court may take judicial notice of 'matters of public record,'" including filings made with

20    regulatory entities.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  The Labor

21    Commissioner's Proposed Action is a matter of public record and is properly the subject of

22    judicial notice.  *See id.*  Thus, the Court **GRANTS** Plaintiffs' request for judicial notice as to the

23    Labor Commissioner's Proposed Action on the Enforcement of Client Employer Liability under

24    California Labor Code § 2810.3.  (Doc. 44.)

25                              **IV.    LEGAL STANDARD**

26            Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed—but

27    early enough not to delay trial—a party may move for judgment on the pleadings."  A motion for

28    _____

      dismissed without prejudice the third-party claims against FLC-RB, (Docs. 73, 74).

1    judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings and

2    operates in much the same manner as a motion to dismiss under Rule 12(b)(6)." *Morgan v. Cnty.*

3    *of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir.

4    2008).  In reviewing a motion brought under Rule 12(c), the court "must accept all factual

5    allegations in the complaint as true and construe them in the light most favorable to the

6    nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

7         The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought

8    under Rule 12(c).  *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

9    Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in

10   the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of

11   law." *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012)

12   (quoting *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*,

13   581 F.3d at 925 (stating that "judgment on the pleadings is properly granted when there is no

14   issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").

15   The allegations of the complaint must be accepted as true, and any allegations made by the

16   moving party that contradict the allegations of the complaint are assumed to be false.  *See*

17   *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).  The court also draws

18   reasonable inferences in favor of the non-moving party.  *See Ventress v. Japan Airlines*, 603 F.3d

19   676, 683 (9th Cir. 2010). The Court will enter judgment in favor of the movant "when, taking all

20   the allegations in the non-moving party's pleadings as true," the non-moving party fails to plead

21   all required elements of the cause of action.  *Id.* at 681.

22       If factual matters outside the pleadings are submitted in connection with a motion for

23   judgment on the pleadings, and are not excluded by the court, the motion must be treated as one

24   for summary judgment under Federal Rule of Civil Procedure 56, and all parties must be given an

25   opportunity to present all material pertinent to the motion.  Fed. R. Civ. Pro. 12(c); *Hal Roach*

26   *Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1541, 1548 (9th Cir. 1989).  The Court

27   will grant summary judgment for the moving party if the non-moving party "fails to make a

28   showing sufficient to establish the existence of an element essential to that party's case and on

1   which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317,

2   322 (1986). Before the Court may enter summary judgment against a party, "that party must be

3   afforded both notice that the motion is pending and an adequate opportunity to respond.  Implicit

4   in the 'opportunity to respond' is the requirement that sufficient time be afforded for discovery

5   necessary to develop facts essential to justify [a party's] opposition to the motion." *Portland*

6   *Retail Druggists Ass'n v. Kaiser Foundation Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981)

7   (citations and internal quotation marks omitted).

8          Courts have discretion to grant a motion for judgment on the pleadings in whole or in part.

9   *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see*

10   *also Pac. W. Group v. Real Time Solutions*, 321 Fed. App'x 566, 569 (9th Cir. 2008).  Generally,

11   dismissal without leave to amend is proper only if it is clear that "the complaint could not be

12   saved by any amendment." *Intri-Plex Techs v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007).

13                                 **V.     DISCUSSION**

14          In its amended motion for judgment on the pleadings, Bee Sweet argues that the current

15   action should be dismissed for three reasons: (1) Plaintiffs' failure to join indispensable labor

16   contractors and neighboring farmers; (2) Plaintiffs' Private Attorney General Act claim contains

17   various deficiencies; and (3) Plaintiffs' failure to give proper notice under Labor Code

18   § 2810.3(d).

19   **A.      Failure to Join Labor Contractors and Neighboring Farmers**

20          Plaintiffs allege that Bee Sweet is an agricultural association, which "employ[s] harvest

21   workers, such as Plaintiffs, and other employees to work in [Bee Sweet's] agricultural fields."

22   (Doc. 1, ¶ 12–13.)  Plaintiffs allege that Bee Sweet "employed and/or retained, during the

23   relevant time period, Farm Labor Contractors for provision of agricultural labor, including but not

24   limited to Soto Farm Labor Contractor, Eduardo Soto FLC, FLC-RB, and A.G.R. Contracting,

25   Inc." (Doc. 1, ¶ 14.) Plaintiffs aver that, pursuant to California Labor Code § 2810.3, Bee Sweet

26   "is strictly liable for failure to pay all wages due to workers hired by Bee Sweet through Farm

27   Labor Contractors."  (Doc. 1, ¶ 14.)  Plaintiffs argue that Bee Sweet is the only necessary party

28   under § 2810.3 because the "violations occurr[ed] when Plaintiffs worked on Bee Sweet's land,

1    for which Bee Sweet was the only client employer responsible." (Doc. 42 at 21.)  Bee Sweet

2    argues that Plaintiffs' complaint must be dismissed for a violation of Federal Rule of Civil

3    Procedure Rule 19 because under § 2810.3, Plaintiffs must also sue the labor contractors and

4    neighboring farmers who used the same labor contractor employees.  (Doc. 40-1 at 14–16.)

5           California Labor Code § 2810.3 provides an avenue for workers to sue "client

6    employers"—"a business entity, regardless of its form, that obtains or is provided workers to

7    perform labor within its usual course of business from a labor contractor"—who then "shall share

8    with a labor contractor all civil legal responsibility and civil liability for all workers supplied by

9    that labor contractor for . . . [t]he payment of wages."  Cal. Lab. Code § 2810.3(a)(1)(A), (b).

10   Under § 2810.3, a client employer that obtains workers from a labor contractor is jointly liable for

11   the payment of wages.  *See Johnson v. Serenity Transp., Inc.*, 2018 WL 9782170, *4 (N.D. Cal.

12   Oct. 12, 2018) (recognizing that a client employer is jointly liable under § 2810.3, but that

13   liability "extends only to that time an employee is performing work or is otherwise engaged to

14   perform work for *that* client employer" (emphasis in original)); *see also Noe v. Superior Ct.*, 237

15   Cal. App. 4th 316, 333 (2015) (recognizing that the Legislature expressly created joint and

16   several liability under § 2810.3).  Federal Rule of Civil Procedure 19 provides that a party "must

17   be joined as a party if . . . in that person's absence, the court cannot complete relief among

18   existing parties."  Fed. R. Civ. P. 19(a)(1).  However, under Rule 20, a defendant "may be joined

19   in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or

20   in the alternative with respect to or arising out of the same transaction, occurrence, or series of

21   transactions or occurrences . . ."  Fed. R. Civ. P. 20(a)(2)(A).

22          Bee Sweet contends that a California regulation that implements Labor Code § 2810.3

23   mandates an allocation of fault between client employers, and thus, any other potential client

24   employers and the labor contractors must be joined.  *See* Cal. Code Regs. tit. 8, § 13832.  (Docs.

25   40-1 at 17–22; 47 at 10.)  Thus, Bee Sweet argues that the Court must either dismiss this suit with

26   prejudice or join the labor contractors and other famers who used the labor contractors as

27   indispensable parties.  (Doc. 42-1 at 21–22.) The Court disagrees.  Section 13832 allocates fault

28   between multiple client employers, not between the client employers and the labor contractor.

1   *See* Cal. Code Regs. tit. 8, § 13832.  Plaintiffs allege violations under § 2810.3 against Bee

2   Sweet, not any other client employers.  (Doc. 43 at 20.)  Therefore, § 13832 does not mandate

3   joinder here between Bee Sweet and any other farmers who used the labor contractors.  Similarly,

4   § 2810.3 creates joint liability between a client employer and a labor contractor.  *See* Cal. Lab.

5   Code § 2810.3.  Pursuant to Rule 20, joinder is permissive for client employers and labor

6   contractors that are jointly and severally liable under § 2810.3.  *See* Fed. R. Civ. P. 20(a)(2)(A).

7   Plaintiffs are not required to join the labor contractors, though Bee Sweet may seek contribution

8   or indemnification from the labor contractors if it is found to have violated § 2810.3.  *See Am.*

9   *Motorcycle Ass'n v. Superior Ct.*, 20 Cal. 3d 578, 592 (1978) (explaining that a defendant may

10   seek a change in the allocation of damages through either contribution or indemnification).  In

11   fact, Bee Sweet has filed a cross-complaint against the labor contractors doing just that.  (*See*

12   Doc. 30 at 12–13.)  Thus, the Court **DENIES** Bee Sweet's request to dismiss the suit with

13   prejudice for failure to join the labor contractors and any other famers who used the labor

14   contractors.

15   Bee Sweet argument to the contrary is patently meritless. It does not cite a single case in

16   which a court has accepted this argument. This is not the first time the Court has warned defense

17   counsel of what appears to be a failure to exercise reasonable diligence when conducting legal

18   research. (See Doc. 26 at 11 n. 4.) The Court has warned Bee Sweet about its "pattern of setting

19   forth legally meritless arguments," and that "[i]f Bee Sweet continues to put forth baseless

20   arguments, its conduct may warrant future sanctions." (Doc. 26 at 11, fn. 4.) **This is the Court's**

21   **final warning that it will issue orders to show cause under Rule 11 for future conduct of this**

22   **nature**.

23   **B.      Dismissal of PAGA Penalties**

24              1.  Bee Sweet as Employer of Plaintiffs

25   Bee Sweet contends that the complaint concedes that Plaintiffs were employed and paid

26   by the labor contractors, not Bee Sweet. Bee Sweet argues, therefore, that the PAGA claim must

27   be dismissed "because Bee Sweet was never the employer," and California Labor Code § 2699(c)

28   only allows suit by an aggrieved employee employed by the alleged violator.  (Doc. 40-1 at 22.)

1    Section 2699(c) provides that an "'aggrieved employee' means any person who was employed by

2    the alleged violator and personally suffered each of the violations alleged." Cal. Lab. Code

3    § 2699(c)(1).  Plaintiffs' allegation that the labor contractors issued payroll is not dispositive if

4    Bee Sweet also employed them.  *See Morales-Garcia v. Higuera Farms, Inc.*, No. 218-cv-05118-

5    SVW-JPR, 2019 WL 4284512, at *3 (C.D. Cal. May 9, 2019) (holding that the determination of

6    if a party is an employer is highly fact-dependent and it would be premature for the Court to

7    conclude employer liability prior to discovery).  (Doc. 1, ¶ 14.) Though Plaintiffs generally allege

8    "Plaintiff and the aggrieved employees are entitled to penalties in an amount to be shown at trial,"

9    they "incorporate each and every allegation set forth in all of the foregoing paragraphs."  (Doc. 1,

10   ¶¶ 99, 101.)  Plaintiffs repeatedly allege Bee Sweet as their employer under the AWPA and as a

11   joint employer under California law, which is sufficient to support plausible claims of relief under

12   § 2699. *See Morales-Garcia*, 2019 WL 4284512, at * 3 (holding that allegations of defendant as

13   an employer under the AWPA and a joint employer under California law sufficiently plead a

14   claim).  (Doc. 1, ¶¶ 1, 8–10, 12–14, 18, 22–24, 26–28, 36–37, 45). Bee Sweet's motion to dismiss

15   the PAGA claim on the grounds that Bee Sweet was not Plaintiffs' employer is **DENIED**.

16              2.   PAGA Default Penalty and Labor Code § 2699(f)

17        Plaintiffs seek penalties under California Labor Code § 2699(f), because they are entitled

18   to penalties in "[t]he amount of the civil penalty specifically provided by any statute giving rise to

19   a violation, or [i]f no civil penalty is specifically provided, then $100 for the initial violation per

20   employee per pay period and $200 for each subsequent violation per employee per pay period."

21   (Doc. 1, ¶ 101.)  Bee Sweet contends that the text of § 2699(f) allows for recovery under PAGA

22   only if the underlying Labor Code section does not already provide a remedy.  (Doc. 40-1 at 23.)

23   Because Bee Sweet argues that Plaintiffs are impermissibly seeking double recovery for the same

24   alleged violations, Bee Sweet requests the Court dismiss with prejudice the PAGA claim.  (Doc.

25   40-1 at 23–24.)

26        Section 2699(f) provides that "[f]or all provisions of this code except those for which a

27   civil penalty is specifically provided, there is established a civil penalty for a violation of these

28   provisions." Cal. Lab. Code § 2699(f).  "Where a section of the California Labor Code does not

8

1    provide for civil penalties, PAGA supplies 'default' civil penalties" under subsection f.  *Culley v.*

2    *Lincare Inc.*, 236 F. Supp. 3d 1184, 1194 (E.D. Cal. 2017).  Therefore, a PAGA plaintiff can

3    recover either: (1) the statutorily enumerated civil penalty within the specific Labor Code, or (2)

4    the PAGA default civil penalty.  *See id.* (explaining that a PAGA plaintiff can request recovery of

5    the default civil penalty only if the underlying Labor Code statute does not spell out a civil

6    penalty).  Bee Sweet misreads both § 2699(f) and Plaintiffs' complaint.  Plaintiffs' complaint

7    requests the civil penalty specifically provided by statute *or* the default civil penalty as provided

8    under each alleged Labor Code violation.  (Doc. 1, ¶ 101.)  Plaintiffs are not seeking double

9    recovery, but varied recovery based on the existence of a specifically enumerated statutory civil

10    penalty.  (*See* Doc. 1, ¶ 101.)  Thus, the Court **DENIES** Bee Sweet's request to dismiss the

11    PAGA claim with prejudice.

12        3.  PAGA Penalties and Wages

13        Bee Sweet argues that the PAGA claim must be dismissed because "the 'penalties'

14    imposed under PAGA are not wages for which Bee Sweet would be responsible for [sic] under

15    California Labor Code § 2810.3(b)."  (Doc. 40-1 at 25.)  Bee Sweet contends that "recovery

16    under PAGA is limited to penalties not wages."  (Doc. 40-1 at 25.)  Plaintiffs argue that a client

17    employer is liable for "wages, damages, and penalties" because relief under § 2810.3 is "in

18    addition to, and shall be supplemental of, any other theories of liability or requirement established

19    by statute or common law."  Cal. Code Regs. tit. 8, § 13832(a); § 2810.3(f).  (Doc. 43 at 27.)

20    Plaintiffs argue that "Bee Sweet is liable for *all* PAGA penalties because Plaintiffs directly

21    alleged it as their employer."  (Doc. 43 at 27 (emphasis in original).)

22        Bee Sweet's argument convolutes the nature of PAGA claims.  The California Legislature

23    enacted PAGA, Cal. Lab. Code §§ 2698, et seq., "in an effort to improve the enforcement of

24    Labor Code provisions by allowing employees to bring private civil actions on behalf of

25    themselves and other employees to recover civil penalties."  *Hansber v. Ulta Beauty Cosmetics,*

26    *LLC*, No. 121-CV-00022-AWI-JLT, 2021 WL 4553649, *13 (E.D. Cal. Oct. 5, 2021).  Under

27    California law, the California Labor and Workforce Development Agency has the right of first

28    refusal in the prosecution of Labor Code violations.  *See* Cal. Lab. Code § 2699(h).  If the state

1    does not pursue a Labor Code violation claim, an "aggrieved employee" suing under PAGA acts

2    as an agent of the state labor law enforcement agencies.  *See Arias v. Superior Court*, 46 Cal. 4th

3    969, 986 (2009).  If civil penalties are recovered, 75 percent goes to the California Labor and

4    Workforce Development Agency, leaving the remaining 25 percent to the aggrieved employees.

5    *Id.* at 980–81; *see* Cal. Lab. Code § 2699(i).  "Pursuing civil penalties [under PAGA] does not

6    prevent an employee from separately or concurrently pursuing unpaid wages and other remedies

7    already available."  *ZB, N.A. v. Superior Court*, 8 Cal. 5th 175, 187 (2019).  "[T]he civil penalties

8    a PAGA plaintiff may recover on the state's behalf are distinct from the statutory damages or

9    penalties that may be available to employees suing for individual violations."  *Kim v. Reins*

10   *International California, Inc.*, 9 Cal. 5th 73, 81 (2020).

11          Plaintiffs' claims fall into two distinct categories: (1) Labor Code violations (Claims 1–7),

12   and (2) PAGA penalties (Claim 8).  (*See generally* Doc. 1.)  Any alleged entitlement of Plaintiffs

13   to civil penalties under § 2699 does not prevent Plaintiffs from separately pursuing the remedies

14   available under the alleged Labor Code violations.  *See ZV, N.A.*, 8 Cal. 5th at 187.  The Court

15   cannot dismiss the PAGA claim simply because it derives from Plaintiffs' Labor Code violation

16   claims.  *See Hansber*, 2021 WL 4553649, *14 (holding that the derivative nature of PAGA claims

17   on wage violation allegations does not warrant dismissal).  Recovery under PAGA does not

18   equate to the "payment of wages" as Bee Sweet argues; rather, PAGA recovery is intended to

19   penalize an employer for the failure to comply with the Labor Code.  *See Arias*, 46 Cal.4th at 986.

20   This is why a plaintiff may separately pursue unpaid wages under the Labor Code.  *See ZB, N.A.*,

21   8 Cal. 5th at 187; *see also Kim*, 9 Cal. 5th at 81 (holding that "[a] PAGA claim is legally and

22   conceptually different from an employee's own suit for damages and statutory penalties.  An

23   employee suing under PAGA does so as the proxy or agent of the state's labor law enforcement

24   agencies").  As the Court addressed previously, Plaintiffs properly alleged that Bee Sweet was an

25   employer, and as such, Plaintiffs may pursue both the Labor Code violation claims and the PAGA

26   claim against Bee Sweet.  Thus, Bee Sweet's request to dismiss the PAGA claim is **DENIED**.

27          4.   Failure to Provide Written Notice Pursuant to Labor Code § 2699.3

28          Bee Sweet argues that Plaintiffs failed to comply with the written notice requirement of

1   § 2699.3 because the notice letters attached to the complaint were "previously sent in the related

2   Montes action which was previously dismissed with prejudice as to those Plaintiffs.  No

3   subsequent letter appears to have been sent on behalf of the Amaro Plaintiffs." (Doc. 40-1 at 25.)

4   Under California Labor Code § 2699.3, "[t]he aggrieved employee or representative shall give

5   written notice by online filing with the Labor and Workforce Development Agency and by

6   certified mail to the employer of the specific provisions of this code alleged to have been violated,

7   including the facts and theories to support the alleged violation." Cal. Lab. Code

8   § 2699.3(a)(1)(A). "The notice requirement allows the relevant state agency 'to decide whether

9   to allocate scarce resources to an investigation.'" *Kim*, 9 Cal. 5th at 81 (quoting *Williams v.*

10  *Superior Court*, 3 Cal. 5th 531, 546 (2017)).  For the employer, the notice requirement "serves the

11  purpose of allowing the employer to submit a response to the agency, again thereby promoting an

12  informed agency decision as to whether to allocate resources toward an investigation." *Williams*,

13  3 Cal. 5th at 546.  If the Labor and Workforce Development Agency does not investigate the

14  matter itself, the LWDA "then 'assigns' its interest to—or 'deputizes'—the aggrieved employee

15  to pursue civil penalties on the government's behalf." *See Varsam v. Laboratory Corp. of Am.*,

16  120 F. Supp. 3d 1173, 1181 (S.D. Cal. 2015).

17         Plaintiffs allege in their complaint that "[p]ursuant to Labor Code § 2699.3(a)(1), Plaintiff

18  Marquez uploaded a notice letter to the LWDA[] and mailed a letter by certified mail to

19  Defendant on August 24, 2020." (Doc. 1, ¶ 103.)  This notice letter was sent on August 24, 2020,

20  on behalf of "Daniel Montes, Maria Diaz, Octaviano Montalvo, and Rafael Marquez." (Doc. 1-3

21  at 3.)  Bee Sweet argues that this letter does not establish "that the Amaro Plaintiffs provided the

22  required notice," but only that the *Montes* plaintiffs sent a notice letter to the LDWA. (Doc. 40-1

23  at 25.)  Bee Sweet contends that the "Rafael Marquez" named in the first letter is not "Plaintiff

24  Rafael Marquez Amaro" in the current action, but if the two are the same individual, then "this

25  case should be dismissed because Plaintiff Rafael Marquez Amaro in this case was a participating

26  plaintiff in the Montes case that was dismissed with prejudice." (Doc. 47 at 13.)

27         Plaintiffs argue that "Rafael Marquez Amaro" in the present action is the same "Rafael

28  Marquez" from the August 24, 2020 notice letter. (Doc. 43 at 28–29.)  Under the notice letter,

11

1    Rafael Marquez was named as a plaintiff authorized to bring suit to recover the penalty.  *See*

2    *Estate of Harrington v. Marten Transport, Ltd.*, No. CV 15-1419-MWF, 2017 WL 5513635, *5

3    (C.D. Cal. Nov. 6, 2017) (explaining that the named PAGA plaintiff is authorized to bring suit to

4    recover the penalty).  Only the plaintiffs named in the PAGA notice letter are "deputized" to

5    pursue penalties on the State's behalf.  *See id*; *see also Varsam*, 120 F. Supp. 3d at 1181.  Thus,

6    Rafael Marquez Amaro was deputized to pursue a PAGA claim through the notice letter, but

7    Javier Barrera—the other named plaintiff in this action—was not deputized to do so.  (*See* Doc.

8    1-3 at 3.)  Because this PAGA action is representative in nature, Rafael Marquez Amaro may

9    pursue the PAGA claim on behalf of the other aggrieved employees, including Javier Barrera.

10   *See Estate of Harrington*, 2017 WL 5513635, at *5–6 (explaining that an aggrieved employee can

11   maintain a representative PAGA claim only if named as a plaintiff in the notice).  (*See* Doc. 1-3 at

12   3.)

13          Though this PAGA notice letter also references plaintiffs, who were dismissed through the

14   *Montes* action, no PAGA claim was filed in the *Montes* action.  (*See generally* Complaint,

15   *Montes*, 1:20-cv-01162-JLT-EPG (E.D. Cal. Aug. 18, 2020) (Doc. 1).)  Rafael Marquez Amaro

16   was not a named plaintiff in the *Montes* action, and his case was not dismissed with prejudice.

17   (*See* Order Granting Motion for Judgment on the Pleadings, *Montes*, 1:20-cv-01162-JLT-EPG

18   (Doc. 44).) There is no sowing of any assignment of the PAGA claim, but rather, Rafael Marquez

19   Amaro is acting on the State's behalf for the first time as the named plaintiff through the PAGA

20   claim in the pending action.  *See Estate of Harrington*, 2017 WL 5513635, at *5 (noting that

21   PAGA claims are not assignable and only the named plaintiff may pursue the PAGA claim).

22   Because the August 24, 2020 notice letter properly identifies a plaintiff representative to satisfy

23   the statutory requirements under § 2699.3, Bee Sweet's request to dismiss the PAGA claim with

24   prejudice for improper notice is **DENIED**.

25   **C.      Failure to Provide Notice Under Labor Code § 2810.3(d)**

26          Bee Sweet argues that Plaintiffs failed to provide the required thirty-day notice required

27   under § 2810.3.[2]  (Doc. 40-1 at 26.)  Section 2810.3 states that "[a]t least 30 days prior to filing a

28   ――――――――――――――――――
     [2] As mentioned, on April 2, 2021, Bee Sweet previously argued that this suit should be dismissed under the

1    civil action against a client employer for violations covered by this section, a worker or the

2    worker's representative shall notify the client employer of violations."  Cal. Lab. Code

3    § 2810.3(d).  Plaintiffs pled that they "provided notice to Bee Sweet of the violations giving rise

4    to liability under section 2810.3 in a letter dated October 29, 2020." (Doc. 1, ¶ 15.)  This notice

5    was provided well over thirty days before Plaintiffs filed their complaint on March 11, 2021.

6    (*See generally* Doc. 1.)  Thus, Plaintiffs properly pled compliance with the notice requirement

7    under § 2810.3, and Bee Sweet's motion to dismiss this suit with prejudice for the failure to

8    provide notice is **DENIED**.

9                                                    **CONCLUSION**

10        For the reasons set forth above:

11        1.  Defendant's motion for judgment on the pleadings regarding the failure to join labor

12            contractors and neighboring farmers is **DENIED**.

13        2.  Defendant's motion for judgment on the pleadings regarding the PAGA claim is

14            **DENIED**.

15    ///

16    ///

17    ///

18    ────────────────────

19    discretionary first-to-file rule in light of the then-pending *Montes* suit.  (Doc. 4.)  On August 18, 2022, finding that
     *Montes* faced a significant "risk of dismissal," the Court declined to dismiss this action because, among other things,

20    "[i]n addition to foreclosing the named plaintiff's claims, dismissal of both *Amaro* and *Montes* would risk excluding
     certain class members from recovery because their claims may be time barred."  (Doc. 23 at 5.)  In its present motion
     for judgment, Bee Sweet makes a related argument that this action should be dismissed based on *Parsittie v.*

21    *Schneider Logistics, Inc*. 2020 WL 2120003, at *12 (C.D. Cal. Apr. 3, 2020), which held that a suit's failure to
     comply with the notice requirement of § 2810.3(d) necessitates dismissal with prejudice of that suit in part because to

22    do otherwise would "invite gamesmanship" by plaintiffs who know they intend to bring a claim pursuant to § 2810.3
     but want to avoid giving notice before suit.  (*See* Doc. 40-1 at 26–31.)  Shortly after *Parsittie* was affirmed by the

23    Ninth Circuit on the relevant issue, *Parsittie v. Schneider Logistics, Inc*., 859 F. App'x 106, 108–09 (9th Cir. 2021),
     this Court dismissed the *Montes* named plaintiffs' claims with prejudice pursuant to *Parsittie*.  (*Montes*, Doc. 44.)

24    However, because the *Montes* class had not yet been certified, the Court dismissed the Montes class claims <u>without</u>
     <u>prejudice</u>.  (*Id*. at 44.)  No party moved for reconsideration of that ruling.

25
     Now Bee Sweet invokes *Parsittie* to argue that this case should be dismissed because Plaintiffs' counsel is engaged

26    in gamesmanship by proceeding with § 2810.3 claims, even though timely notice was given before this action was
     filed and the claims are now brought on behalf of different named plaintiffs.  *Parsittie* does not address a situation

27    where a timely noticed § 2810.3 claim is brought in a new suit, let alone when that new suit is brought on behalf of
     entirely different named plaintiffs, who were not in privity with the original named plaintiffs whose claims were

28    dismissed with prejudice.  Bee Sweet's novel application of *Parsittie* has not been adopted by any other Court, and,
     finding it to work a significant unfairness, this Court declines to be the first.

                                                        13

3.  Defendant's motion for judgment on the pleadings regarding the failure to provide written notice under § 2810.3 is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 6, 2024**

UNITED STATES DISTRICT JUDGE