UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARQUEZ AMARO, *et al.*, | Case No. 1:21-cv-00382-JLT-EPG |
| Plaintiffs, | |
| v. | ORDER DENYING, WITHOUT PREJUDICE, PROPOSED STIPULATED PROTECTIVE ORDER |
| BEE SWEET CITRUS, INC., *et al.*, | |
| Defendants. | (ECF No. 106) |

This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 106). Upon review, the Court will deny, without prejudice, the request to enter the proposed order.

Among other things, although the proposed order references Local Rule 141, the proposed order does not meet the Rule's requirements. For example, the parties define confidential information to mean "any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law." (ECF No. 106 at 2). But such a definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection without ever disclosing the types of information at issue contrary to Local Rule 141(c)(1), which requires as follows: "[a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)."

1

Furthermore, the stipulation for protective order does not clearly indicate a particularized need for protection or why a protective order is needed as opposed to a private agreement between the parties. (*See* L.R. 141(c)(2)-(3)).

Accordingly, IT IS ORDERED that the parties' proposed stipulated protective order (ECF No. 106) is denied without prejudice. Should the parties again seek approval of a protective order, they are directed to review this Court's Local Rules and revise their request accordingly.

IT IS SO ORDERED.

Dated:   **July 16, 2025**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

2