UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARQUEZ AMARO; JAVIER BARRERA; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEE SWEET CITRUS, INC,; and DOES 1 thru 50, inclusive,<br><br>Defendants. | Case No. 1:21-cv-00382-JLT-EPG<br><br>ORDER RE: SUPPLEMENTAL BRIEFING FOR DISMISSAL PURSUANT TO F.R.C.P. 23(e) AND 41(a)(1)(A)(ii) OF A CLASS ACTION WHEN NO CLASS HAS BEEN CERTIFIED<br><br>(ECF No. 134) |

This matter is before the Court on March 25, 2026, stipulation of dismissal of the action pursuant to Rule 23(e) and Rule 41(a)(1)(A)(ii). (ECF No. 134). Upon review of the stipulation, and the applicable statutes and case law, the Court finds that supplemental briefing would assist the Court in this matter.

In the parties' joint stipulation, they stated they have finalized and executed a long-form settlement agreement, which contemplates the dismissal of this action and the filing of a Class and PAGA action alleging the same underlying claims in State Superior Court. (*Id.* at 3). Furthermore, the parties stated that

> Pursuant to Rules 23(e) and 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs Rafael Marquez Amaro and Javier Barrera ("Plaintiffs") and Defendant BEE SWEET CITRUS, INC. ("the Parties"), jointly stipulate to voluntary dismissal of the above-captioned action including all causes of action, allegations, and prayers for relief, without prejudice as to Plaintiff and the aggrieved employees…

(*Id.*).

1

As an initial matter, the Court notes that, a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) is effective without a court order. *See Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("Thus, it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."). However, some courts have recognized an exception in the putative class action context:

> An action may be dismissed pursuant to Rule 41 by filing a "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). However, Rule 23(e) governs the dismissal of class actions, even before class certification has occurred. *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (holding "that Rule 23(e) applies before certification").

> Accordingly, the "district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members" and "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Id.* Although the court "does not need to perform the kind of substantive oversight required when reviewing a settlement binding upon the class," it must determine whether class members would be prejudiced by:

>> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

> *Id.* Regardless, "[i]n no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene." *Id.*

*Dickey v. Vital One Health Plans Direct, LLC*, No. 1:18-CV-01399-DAD-BAM, 2020 WL 1046838, at *1-2 & n.1 (E.D. Cal. Mar. 4, 2020) (internal quotation marks and citation omitted) (noting that despite Rule 23(e) being amended in 2003 to make clear that court approval was not needed for putative class actions that resolved only individual claims, and there is uncertainty whether *Diaz* applies in light of the amendments, "district courts in the Ninth Circuit continue to apply the standard articulated by the Ninth Circuit in *Diaz* because it strikes the right balance between the full-bore fairness review for settlement of certified class claims, and doing nothing at all to ensure that putative class members are protected from collusive deals.").

Accordingly, IT IS ORDERED as follows:

1.  By no later than April 10, 2026, the parties shall file supplemental briefing addressing the factors set forth above.

IT IS SO ORDERED.

Dated:    **March 26, 2026**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

3