UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARQUEZ AMARO; JAVIER BARRERA; on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEE SWEET CITRUS, INC,; and DOES 1 thru 50, inclusive,<br><br>Defendants. | Case No. 1:21-cv-00382-JLT-EPG<br><br>ORDER RE: JOINT STIPULATION FOR DISMISSAL OF ACTION WITHOUT PREJUDICE PURUSANT TO F.R.C.P. 23(e) AND 41(a)(1)(A)(ii) AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(ECF No. 134) |

On March 25, 2026, the parties filed a stipulation of dismissal, the parties filed a joint stipulation dismissing this action without prejudice and with each party to bear their own attorney fees and costs. (ECF No. 134). Specifically, the parties stated as follows

Pursuant to Rules 23(e) and 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs Rafael Marquez Amaro and Javier Barrera ("Plaintiffs") and Defendant BEE SWEET CITRUS, INC. ("the Parties"), jointly stipulate to voluntary dismissal of the above-captioned action including all causes of action, allegations, and prayers for relief, without prejudice as to Plaintiff and the aggrieved employees…

(*Id.* at 3).

On March 26, 2026, the Court ordered the parties to provide supplemental briefing under *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), for a dismissal pursuant to F.R.C.P. 23(e) and 41(a)(1)(A)(ii) of a class action when there has been no class certified. (ECF No. 135). Specifically, the Court sought clarification to determine whether class members would be prejudiced by a dismissal based on the following factors: (1) class members'

1

possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests. (*Id.* at 2).

The parties provided supplemental briefings on April 8, 2026. (ECF Nos. 139, 140).

Counsel for Plaintiffs provided the following

> Plaintiffs do not believe the vast majority of putative class members are aware of the action nor relying upon it due to publicity or other circumstances as this case has not been certified and hence a class notice has never been disseminated. Nonetheless, the Parties have entered into a written tolling agreement tolling all claims to be filed in state court back to the original filing of this federal action so the statute of limitations and all claims are specifically preserved.

> In response to factor two, again the Parties have entered into a written tolling agreement tolling all claims to be filed in state court back to the original filing of this federal action so the statute of limitations and all claims are specifically preserved.

> As to factor number three, the class representatives and counsel have not entered into any side settlement agreements, individual agreements, or separate agreements for fees or costs. The proposed settlement is a global class action settlement that Counsel entered into in good faith the assistance of a third-party private mediator. Counsel will seek fees pursuant to Court approval in state court based on a common fund theory. The Class Representatives will seek Court approval in state court of class representative enhancement awards that are routinely and customarily sought in such class action settlements.

(ECF No. 139 at 3-4). (internal numbering omitted).

> In Defendant's supplemental briefing, defense counsel claims
> The long form settlement agreement that all parties executed provides that the instant federal court suit would be dismissed without prejudice. The instant federal court suit does not contain a PAGA cause of action. It does contain a putative FRCP 23 uncertified class.

> Dismissing the instant federal court suit without prejudice will not harm the putative FRCP 23 uncertified class and/or the non-filed PAGA class because all the parties tolled all the claims back to the original filing date in the instant action. So when the Class and PAGA action are filed in State Superior Court the statute of limitations and all claims are preserved.

(ECF No. 140 at 2) (internal numbering omitted).

Having reviewed the parties' supplemental briefings on the issue, the Court is satisfied that the proposed putative class will not be prejudiced by this dismissal. As such, in light of the

2

parties' stipulation, this action has been terminated pursuant to Rules 23(e) and 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure Fed. R. Civ. P. 41(a)(1)(A)(ii), and has been dismissed without prejudice and with each party to bear their own attorney fees and costs.

Accordingly, the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**April 10, 2026**__                    /s/ *Erica P. Grosjean*
                                                 UNITED STATES MAGISTRATE JUDGE